OLIVER FINNIE GROCERY COMPANY ET AL. *v.* LAZARUS BODENHEIMER ET AL.

1. **FRAUDULENT CONVEYANCES.** *Chancery practice.*

   Where a chancery court, at the suit of the creditors of the grantor, adjudges a conveyance of property fraudulent, it should determine the sum due each creditor, direct a sale of the property in satisfaction thereof, and adjudge costs.

2. **SAME.** *Perfecting decree.*

   If for any reason in such a case the decree fails to do more than adjudge the conveyance void, the chancery court has jurisdiction, on the application of complainants, to perfect its decree.

3. **SAME.** *Appeal.*

   If the complainants appeal to the supreme court from such an imperfect decree, that court will remand the cause to the chancery court for the allowance of additional relief.

FROM the chancery court, second district, of Coahoma county. HON. A. H. LONGINO, Chancellor.

The Oliver Finnie Grocery Company and others, the appellants, were the complainants in the court below; Bodenheimer and others were defendants there. The opinion states the case.

*McWillie & Thompson,* for appellants.

Appellants were creditors of appellee, Bodenheimer, and filed a bill to vacate an assignment of a stock of goods made by their debtor to one Newberger. The final decree fails to adjudicate the sum due each of the appellants. It fails to order a sale of the goods fraudulently assigned, and did nothing more than adjudge the conveyance void at the suit of appellants. The appeal is by the parties in whose favor the decree was rendered,

in so far as it adjudges anything. The prayer of the bill was for the sale of the property and for general relief.

The decree appealed from is not responsive to the facts of the case or in compliance with the prayer of the bill. The chancery court was under obligation, having adjudged the conveyance void, to direct a sale of the property, and, if it was uncertain as to how much of the property remained in the hands of the defendants, the decree ought to have directed a master to investigate and make report touching the matter. It should have enjoined further disposition of such of the property as remained in the hands of defendants at its date; and the complanants were entitled to have their debts adjudged. All of this the court below denied.

Of course, we understand that if a complainant declines the entire scope of the relief to which he is entitled, the courts will not force it upon him; but it can never be presumed that the complainants assented to such an abortion in the way of a decree as was rendered in this case. The court below should have granted more, and compelled complainants to accept more, or it should have denied them any relief whatever. The decree rendered was an idle and useless thing. The court below could not rightfully have rendered it. Its rendition implied the doing of something more.

The trouble about the decree is that it places the parties out of court, and therefore we think it cannot be interlocutory in its nature. Should this court, however, conclude that the decree appealed from is interlocutory, we respectfully urge that it shall so declare in unmistakable terms, and our clients can then apply to the trial court for additional relief.

There can be no presumption that a litigant refused a decree in accordance with the prayer of his bill.

No counsel appeared in the supreme court for appellees.

Argued orally by *R. H. Thompson*, for the appellants.

TERRAL, J., delivered the opinion of the court.

The complainants by their bill sought to vacate certain sales of a stock of goods and merchandise alleged to be the property of the defendant, Bodenheimer, and fraudulently transferred by him to the other defendants, and to subject it to the payment of the debts of Bodenheimer to them.

The cause being ready for a final hearing, was submitted to the court for a final decree, and what upon its face purports to be a final decree was made, but, in its terms, it merely vacated the fraudulent transfers, but did not fix the amounts of the several debts due the respective complainants, nor make an order subjecting the stock of goods to the payment of said ascertained debts, nor did it adjudge costs in the case.

It seems apparent from the record that by inadvertence several matters of import in the case and necessary to its complete adjudication, and which should have been embodied in the decree, were omitted; and in such case we think the rules of chancery practice authorize the court in which the cause is depending, upon application by petition or motion, to rectify the error and to embody the omitted matters in the final adjudication by a supplemental decree.    *Pipkin* v. *Haun,* Freem. Ch. Rep., 254, 256; *Clark* v. *Hall,* 7 Paige Ch. Rep., 382, 384: 5 Enc. of Pleading and Practice, p. 1053, par. 3; *Jarmon* v. *Wiswall,* 24 N. J. Eq. Rep., 68.

We therefore remand the case that the chancery court may ascertain and fix the amounts of the claims due the several complainants, and may make an order subjecting said stock of goods in the hands of the defendants to the payment of said sums, and adjudge the costs.

*Remanded.*