[No. 1179, February 27, 1907.]

TERRITORY ex rel, FRANK A. HUBBELL, Appellant, v. JUSTO R. ARMIJO, Appellee.

Appeal from the District Court for Bernalillo county, before IRA A. ABBOTT, Associate Justice. Reversed.

WILLIAM B. CHILDERS, A. B. McMILLEN, E. W. DOBSON and W. C. REID, Attorney General, for Appellant.

The Governor cannot be invested with the power of removal from office upon charges. This is a judicial power. Organic Act, section 10, R. S. U. S. secs. 1868-9; Ferris v. Higley, 20 Wall. 375; Spencer v. County of Sully, 33 N. W. 98; Board of Commissioners v. N. P. R. R. Co., 10

Mont. 420; Ellison v. State, 125 Ind. 496; Foster v. Kansas, 112 U. S. 206; Taylor v. Beckham, 178 U. S. 548; Wilson v. North Carolina, 169 U. S. 586; Sinking Fund Cases, 99 U. S. 761; Rhode Island v. Mass., 12 Peters 718; Carter v. Durango, 16 Colo. 536; State v. Wallridge, 119 Mo. 390, 24 S. W. 460; Kilburn v. Law, (111 Calif.) 43 Pac. 615; Hart v. Duluth, (Minn.) 55 N. W. 118; Cooley's Constitutional Lim. 110; Board of Alderman v. Darrow, 13 Colo. 460, 16 Am. St. Rep. 216; People v. Stewart, (75 Mich.) 16 Am. St. Rep. 646; Ferry v. Kings County, 2 Wash. Rep. 341; Kennard v. Louisiana, 92 U. S. 480; R. S. U. S. sec. 1891; Mechem on Public Officers, sec. 435; Dallam v. Wilson, 53 Mich. 392, 51 A. R. 128-132; State v. Pritchard, 36 N. J. L. 105-106; Page v. Hardin, 8 B. Munroe 672; Arkle v. Board of Commissioners (W. Va.), 23 S. E. 804; A. S. v. Ferrerira, 13 How. 52 (Co-op. Ed. 47); Heyburn's Case, 2 Dall. 407; Sheldon v. Newton, 3 O. S. 494; U. S. v. Arredondo, 6 Pet. 109; Windsor v. McVeigh, 93 U. S. 274; Stewart v. Palmer, 74 N. Y. 191; Anthony v. Casey, 83 Va. 338, 5 S. E. 176; Thurman v. Morton, 79 Va. 367; Freeman on Judgments, sec. 120 a, pp. 193-194; Hines on Jurisdiction, sec. 8; Freeman on Judgments, sec. 123; Beckett v. Cuenni, 15 Calif. 281, 22 A. S. R. 399; Thatcher v. Powell, 6 Wheat 119.

The executive can only remove for such causes as are specified in the statute. Mechem on Public Officers, secs. 445, 447, 448, 450, 452; Dubuc v. Voss, 92 American Decisions 526, 528, 19 La. Annual 210; Commonwealth ex rel Bowman v. Slifer, 25 Penn. State Reports 23, 64 American Decisions 680, 681; Mead v. Treas., 36 Mich. 416; Cooley's Cons. Lim. 136, 137, note 1; Field v. People, 3 Ill. 79-80; Clarke v. People, 15 Ill. 213; People v. Therrien, 80 Mich. 187, 45 N. W. 78, 79; Clay v. Stewart, 41 N. W. Rep. 1091; Gorham v. Luckhett, 6 B. Munroe (Ky.) 146; Ex parte Lehman, 60 Miss. 967; State ex rel Atty. Gen. v. McClain, 58 Ohio St. 313, 50 N. E. Rep, 907; Commonwealth v. Shaver, 3 W. & S. (Pa.) 338; Territory v. Ashenfelter, 4 N. M. 134-5; State v. Chatburn, 63

Iowa 656, 50 Am. Rep. 760; Impeachment Trial of President Johnson.

There is no provision which prevents a person from holding office for misconduct in another office which he held prior to the one to which he was elected or appoined. 23 Am. and Eng. Ency. of Law, page 445; State v. Jersey City, 25 N. J. Law 536; Com. v. Shaver, 3 Watts & S. 338; State v. Common Council of City of Duluth, supra; Crawford v. Township Boards, 24 Mich. 248; Richards v. Clarksburg, 30 W. Va. 502, 4 S. E. 774; 1 Dill. Mun. Corp., par. 252 and note; Speed v. Common Council of City of Detroit, 57 N. W. Rep. 406, 407, 98 Mich. 360, 39 Am. St. Rep. 555, 22 L. R. A. 842; Smith v. Ling, 68 Cal. 324, 9 Pac. 171; Woods v. Varnum, 85 Cal. 639, 24 Pac. 843; Thurston v. Clark, (Cal.) 40 Pac. Rep. 436, Triggs v. State, 49 Texas 645, cited in 23 A. & E. Enc. of Law 445; State v. Loomis, 29 S. W. 415; Conant v. Gragan, 6 N. Y. St. Rep. 322; Guden v. Dike, 75 N. Y. Supplement 787, 792, 796; Suth. St. Const., Par. 291; State ex rel Comrs. 36 N. J. L. 114; Territory v. Ashenfelter, 4 N. M. 135; Rex v. Richardson, 1 Burrows 517; State v. Walker, 68 Mo. App. 110; State v. Common Council, 53 Minn. 238, 56 N. W. 118, 39 Am. St. Rep. 595; People v. Weygant, 14 Hun. 546; People v. McGuire, 27 App. Div. 596, 50 N. Y. Sup. 520; Troop, Pub. Off., c. 16; State v. Welsh (Iowa) 79 N. W. 369; State v. Bourgeois, 16 So. Rep. 655.

Acts of omission or commission may furnish grounds for civil action, but in the absence of corrupt motive or design, they do not furnish ground for summary removal from office. 23 A. & E. Enc. of Law 443; In re King, 6 N. Y. Supp. 401; State ex rel Broath v. Moores (Neb.) 73 N. W. 305; Cummings v. Missouri, 4 Wall. 277, 320, 323, 326, 328, 331; Ex parte Garland, 4 Wall. 333, 377, 378; Ex parte Mulligan, 4 Wall. 73; V, XIV and VII Amendments to the Constitution.

NEILL B. FIELD, for Appellee.

OPINION OF THE COURT.

ABBOTT, J.—This cause and No. 1185 Territory ex

rel Thomas S. Hubbell, Appellant, v. Perfecto Armijo, Appellee, involved substantially the same facts and legal questions and were heard and decided on one brief from each side, for both causes, and the opinion rendered by the court in No. 1185, and on file in that cause, is also applicable in this case.

The judgment of the District Court is reversed.