Crichton et al. v. Storz et al., 20 N. M. 195

[No. 1670, March 25, 1915.]
## CRICHTON et al. v. STORZ et al.
[Rehearing Denied April 23, 1915.]

### SYLLABUS BY THE COURT.

1. A final decree may be amended, in a material point, where the amendment is in a matter as to which there could not have been a doubt of the plaintiff's right to have it made part of the decree, if it had been asked for when the decree was rendered, and the omission to insert it in the decree, as part thereof, arose from inadvertence.                          P. 199

2. Where, in an action to foreclose a mechanic's lien, judgment was taken for the amount of the lien, costs of filing, and attorney's fees for foreclosing the same only, and thereafter the court gave an additional judgment foreclosing the liens, held, that such final judgment was not void as being beyond the jurisdiction of the court.          P. 200

3. There are no terms of the district courts in this state the lapse of which would deprive a court of control over its judgments and decrees in causes where there are no jury trials. Weaver v. Weaver, 16 N. M. 98, 113 Pac. 599, followed.
                                                        P. 200

Roberts, C. J., dissenting.

Appeal from District Court, Santa Fé County; E. C. Abbott, Judge.

Action by Roy J. Crichton and others against Andy Storz and others. From judgment for defendants, plaintiffs appeal. Affirmed.

ALONZO B. McMILLEN of Albuquerque, for appellant.

A judgment rendered on default operates as a merger of the cause of action, where the court has full jurisdiction, and prevents any further suit upon the same subject matter.

23 Cyc. 1135; M[o]renhout v. Higuera, 32 Cal. 289; Kittredge v. Stevens, 16 Cal. 381; Harbig v. Freund, 69 Ga. 180; Irwin v. Helgenberg, 21 Ind. 126; Johnson v. Jones, 58 Kan. 745; White v. Savage, 94 Me. 138; Thatcher v. Gammon, 12 Mass. 268; Northern Trust Co. v. Crystal Lake Cemetery Assn., 67 Minn. 131; St. Louis v. Lang, 131 Mo. 412; Argall v. Pitts, 78 N. Y. 239; McCurdy v. Baughman, 43 Ohio St. 78; Crawford v. Noble County, 8 Okla. 450; Howard v. Huron, 6 S. D. 180; Ellis v. Mills, 28 Tex. 584; Evarts v. Gove, 10 Vt. 161; Croton Bridge Co. v. Clark P. B. Co., 126 Fed. 552.

Former adjudication has been settled as a doctrine in

Cromwell v. County of Sack, 94 U. S. 351.

Final judgment terminates the cause and rendition of further judgment is *coram non judice.*
Kittredge v. Stevens, 16 Cal. 381; McMillen v. Bank, 138 Pac. (N. M.) 265; Sterns v. Aguirre, 6 Cal. 176; Russell v. Hogan, 1 Scam. 553; 3 Scam. 13; 4 Scam. 360 and 368; Nuckolds v. Irwin, 2 Nebr. 60; Davis v. Harmon, 67 N. W. (Minn.) 1015; Cowley v. Patch, 120 Mass. 137; People v. Harrison, 82 Ill. 84.

After final judgment has been rendered and the term expires the court has no jurisdiction to vacate or modify the judgment, except where expressly authorized by law, after due notice.
Freeman on Judgs. sec. 96; Alliance Trust Co. v. Barrett, 50 Pac. (Kan.) 465; Bronson v. Schulten, 104 U. S. 415; 23 Cyc. 925; sec. 134, Code.

The lien claimed by Hesch, Jr., is invalid on its face as against the appellant's mortgage.
Sec. 2220, C. L. 1897.

CATRON & CATRON of Santa Fé, for appellees.

The court had power to amend or modify *its* decree at any time within one year from the date of rendition thereof.

Crichton et al. v. Storz et al., 20 N. M. 195

Subsection 137, Code; sections 2228 and 2236, C. L. 1897.

There are no terms of court in this state, except for the purpose of jury trials.

Weaver v. Weaver, 113 Pac. (N. M.) 559, 16 N. M. 98; holding that Bronson v. Schulten, 104 U. S. 410, cited by appellant, had no application; Borrego v. Territory, 46 Pac. (N. M.) 349.

As to when judgments become final, see Freeman on Judgments (3d Ed.), sec. 34, sec. 70, sec. 71.

The motion to amend the judgment was addressed to the equitable powers of the court, and its action will not be reviewed in the absence of gross abuse.

Rio Grande Dam & Irrigation Co. v. U. S., 215 U. S. 266; subsection 86 of section 2685, C. L. 1897; subsec. 94, sec. 2685, C. L. 1897.

BRIEF OF APPELLANT ON MOTION FOR REHEARING.

The question of the right to amend the record was not raised in the district court, nor in this court.

Amendment simply means that the judgment shall be changed so as to read the truth.

The law distinguishes between judgments rendered in term time and those rendered out of term time. Sec. 134, Code.

As to what is an "irregular judgment," see Black on Judgs., sec. 170.

A decision wrong in law cannot be corrected on motion. The motion cannot make it conform to what ought to have been done but which in fact was not done.

23 Cyc. 866; Wolf v. Davis, 74 N. C. 597; Cleveland L. P. Co. v. Greene, 52 Ohio St. 487; Swift v. Allen, 55 Ill. 303; Black on Judgments, sec. 154; Doe v. Waterloo Mining Co., 60 Fed. 643.

Definite terms of court are fixed by statute.
Territory v. Barela, 15 N. M. 523.

### STATEMENT OF FACTS.

This appeal involves two suits from the district court of Santa Fé county, namely, Roy J. Crichton v. Andy Storz et al., No. 7053, and Wood-Davis Hardware Co. et al. v. Andy Storz et al., No. 7060. Andy Storz and wife were the owners of the real estate involved, subject to the liens claimed.

Cause No. 7053, filed January 31, 1913, was a suit by Roy J. Crichton to foreclose a mechanic's lien, and, in addition to Storz and wife, M. W. Flournoy, trustee under a deed of trust upon said real estate, and the Occidental Life Insurance Company, the owner of said debt, were made parties. Judgment was rendered in favor of the plaintiff on March 28, 1913, establishing his mechanic's lien, and on May 8, 1913, in favor of the Occidental Life Insurance Company and said Flournoy, foreclosing said deed of trust. John W. Mayes was appointed as receiver to take charge of the rents and profits, and later appointed as special master to make said sale.

Case No. 7060 was filed February 13, 1913, by Wood-Davis Hardware Company and Philip Hesch, Jr., against Andy Storz and wife to foreclose mechanic's liens on the real estate involved. A default judgment was rendered against the defendants on May 13, 1913, for the amount of the indebtedness claimed and for costs of filing the liens and attorney's fees, but ignoring their alleged liens. After due advertisement John W. Mayes, as special master, on the 15th day of August, 1913, sold the real estate in question to John G. Schumann for the sum of $3,000, and the said sale was duly confirmed by the court. On October 2, 1913, and before order of distribution, the United States Bank & Trust Company filed its intervening petition, setting up a judgment lien against said premises.

On November 8, 1913, there was filed in said cause an order of distribution (Record, pp. 70 and 71) ; but before the money was paid out the plaintiffs in case No.

7060, on November 14, 1913, filed in said cause No. 7053 a petition and motion claiming a part of the proceeds of said sale, and on the same date filed in said cause No. 7060 a motion for additional judgment, and on November 24th a judgment was rendered in cause No. 7060 declaring liens in favor of plaintiffs in that case. On November 26th judgment was entered consolidating the above two causes, and distributing the proceeds of said sale in No. 7053.

By this judgment the alleged liens of Wood-Davis Hardware Company and Philip Hesch, Jr., were ordered paid prior to the mortgage lien of Occidental Life Insurance Company and the judgment lien of the United States Bank & Trust Company. The proceeds in the hands of the special master were not sufficient, under the order of distribution made, to pay the Occidental Life Insurance Company in full, or any portion of the judgment of the United States Bank & Trust Company; and from said judgment, in so far as it ordered the payment of Wood-Davis Hardware Company and Philip Hesch, Jr., prior to the claims of appellants, the Occidental Life Insurance Company and United States Bank & Trust Company appealed.

## OPINION OF THE COURT.

MECHEM, District Judge (after stating the facts as above.)—The appellants question the validity of the judgment of November 24, 1913, in cause No. 7060, first, because there had been theretofore a final judgment rendered in said cause; and, second, because the term had elapsed at which the former judgment had been rendered, which, they contend, deprived the trial court of jurisdiction to render the later additional or amendatory judgment.

[1] The practice in amending final decrees is stated in 5 Enc. Pl. & Pr. 1053, as follows:

"A final decree may be amended after enrollment and in a material point, where the amendment is not a matter as to which there could have been a doubt as to plaintiff's right to have

it made a part of the decree, if it had been asked
for when the decree was rendered, and where
the omission to insert it in the decree arose from
inadvertence."

The text is abundantly supported by cases cited. See
Sprague v. Jones, 9 Paige (N. Y.) 395; Jarmon v. Wis-
wall. 24 N. J. Eq. 68; Oliver Finnie Grocery Co. v. Boden-
heimer, 77 Miss. 415, 27 South. 613; 16 Cyc. 506. In
view of the fact that in the judgment of May 13, 1913,
the court allowed recovery for the costs of filing plaintiff's
liens, and also the attorney's fees provided by the statute
for foreclosing liens, there can be no doubt but that, if
asked for at the time, the court would have rendered judg-
ment foreclosing the liens as a matter of course, and that
the omission to do so arose from mere inadvertence.

[2] As to the point raised that the lapse of the term
at which the judgment of May 13, 1913, was entered de-
prived the court of further control over the judgment, it
must be held that this is no longer an open question, un-
der the ruling in Weaver v. Weaver, 16 N. M. 98, 113
Pac. 599, where it was said:

"For ordinary cases, at least, the time within
which a judgment can be vacated is limited. If
the court rendering a judgment has terms, its
control of the judgment is usually limited to the
term in which it was rendered. Bronson v.
Schulten, 104 U. S. 410 [26 L. Ed. 797]; Grames
v. Hawley [C. C.] 50 Fed. 319. But in this
jurisdiction, in view of the provisions of section
2875, C. L. 1897, that district courts in the sev-
eral counties 'shall be at all times in session,'
for the numerous purposes named in the statute,
it can hardly be said that there are terms of
court, except for purposes connected with jury
trials. Territory v. Armijo, 14 N. M. 202, 210,
89 Pac. 275."

The objection to the lien claimed by Philip Hesch, Jr.,
we find from the record not to be well taken.

Judgment of the lower court affirmed.

PARKER, J., concurs. ROBERTS, C. J., dissents.