(No. 2589. Nov. 30, 1921.)

## ZINTGRAFF V. SISNEY ET AL.

### SYLLABUS BY THE COURT

A decree against J. H. Zintgraff does not, of itself alone, prove an adjudication against T. H. Zintgraff.

Appeal from District Court, Guadalupe County; Leahy, Judge.

Action by T. H. Zintgraff against John T. Chapman and another on a promissory note, and to foreclose a mortgage, in which P. H. Sisney and another, doing business under the name and style of Sisney & Dykes, and another intervened, and from the

judgment in favor of the plaintiff, and against the interveners, the latter appeal. Reversed.

F. Faircloth, of Santa Rosa, for appellants.

R. A. Prentice, of Tucumcari, for appellee.

OPINION OF THE COURT.

DAVIS, J.   This is a proceeding by T. H. Zintgraff against John T. Chapman and Bob Chapman to recover judgment upon a promissory note and to foreclose a mortgage securing it upon 160 acres of land in Guadalupe county.   Appellants, Sisney and Dykes, intervened, answered, and were treated as defendants in the suit.   Appellee Mrs. W. H. Bachman also intervened, and judgment was rendered against her, but, as she did not appeal and has not appeared in this court as an appellee, we are not concerned with the merits of the judgment against her, nor with the proceedings upon her intervention. The questions presented here arise solely upon the intervention of Sisney and Dykes.

After obtaining leave to intervene they set up in an answer that they were the owners of the land upon which Zintgraff was attempting to foreclose the mortgage "free and clear of any claim of plaintiff."   They did not plead the source or character of their title, but a motion appearing in the transcript shows that they claimed under a tax deed. They alleged as a defense to the foreclosure that title had been quieted in them and against plaintiff by a prior decree of the district court of Guadalupe county in cause No. 1088, which was a suit to quiet title, a copy of the decree being attached to and made a part of the answer; that plaintiff, T. H. Zintgraff, was named as a defendant in that suit, and "was notified to enter his appearance in said cause," which he failed and refused to do, and that he was "therefore guilty of laches, and has waived any interest which he might, could or does have"

Zintgraff v. Sisney, 27 N. M. 497

in the real estate, and is estopped from making any claim under the mortgage. This was treated in the lower court as a plea of former adjudication, and, however inartificial it may appear, its sufficiency as such a plea was not attacked in the trial court, nor is it questioned here.

Plaintiff replied to this answer, denying that the title to the property had been quieted as against him; denying that title was in interveners free from his claim; admitting that the instrument attached to the answer was a true copy of the decree referred to; but denying that it affected his cause of action, and denying that plaintiff "was ever notified to enter his appearance in said cause," or that he was a necessary or proper party thereto, or that he had been guilty of laches, had waived any rights, or was estopped.

Overlooking several features of these pleadings, including various matters of legal conclusion, since they are not suggested here by either party, the result is that interveners alleged that plaintiff was a party to, and barred by, the former decree, and that plaintiff, while admitting the entry of the decree, denied that it had the effect claimed for it. The trial court held that the former decree was a bar to the present action, and entered judgment on the pleadings, dismissing the complaint and quieting the title of Sisney and Dykes against any claim of Zintgraff under his mortgage.

The sole question for our determination is whether the allegations of interveners' answer, taken with the admissions and denials of plaintiff's reply show that plaintiff, T. H. Zintgraff, is barred by the former decree from prosecuting his present suit.

Counsel for appellant in his brief attacks the conclusion of the trial court upon various grounds. Only one needs to be noticed, as it is conclusive. The

copy of the former decree attached to the answer and admitted to be correct does not contain the name of T. H. Zintgraff as a defendant or otherwise. In the title of that case J. H. Zintgraff is named as a defendant, and the name J. H. Zintgraff also appears in the body of the decree as one of the defendants against whom judgment was given; but in the face of the denials of plaintiff in his pleadings in this case we cannot presume that the J .H. Zintgraff named in the decree is the T. H. Zintgraff who is appellant here, nor could the trial court properly so conclude. None of the proceedings in case 1088, prior to the decree, were presented to the trial court, so that there is .no complaint, process, notice of pendency of suit, or pleading of any kind which is available in aid of the decree. A copy of the decree is pleaded and nothing else, and this, on its face, does not show the identity of the parties.

The case is therefore reversed and it is so ordered.

RAYNOLDS, C. J., and PARKER, J., concur.