[No. 2932.    Aug. 9, 1926.]

ZINTGRAFF v. SISNEY et al.

[249 Pac. 108.]

### SYLLABUS BY THE COURT

1   "Law of the case" not properly invoked, where a different question is presented on second appeal.

2   Courts have power to amend their judgments to correct a clerical error in the name of a party (Code 1915, § 4167).

3   Pleading of former adjudication sufficient, if it shows scope of former adjudiciation and relation of parties to it.

Appeal from District Court, Guadalupe County; Leahy, Judge.

---

[1]   4CJ p. 1101 n. 21.   [2]   34CJ p. 229 n. 83; p. 239 n. 20.   [3]   34CJ p. 1064 n. 40.

Action by T. H. Zintgraff against John T. Chapman and another on a note and to foreclose a mortgage, in which P. H. Sisney and another, doing business as Sisney & Dykes, and another, intervene. From a judgment dismissing the complaint, plaintiff appeals. Affirmed, and cause remanded.

F. Faircloth, of Santa Rosa, for appellant.

R. A. Prentice, of Tucumcari, for appellees.

### OPINON OF THE COURT

WATSON, J. A former appeal of this case is reported 27 N. M. 497, 202 P. 701, where the facts up to that time are set forth.

Pursuant to the mandate of this court, the foreclosure complaint was reinstated. Thereafter appellees, Sisney and Dykes, applied to the district court to correct the decree in the suit to quiet title. The application was granted and a new decree, dated July 17, 1922, was entered, differing from the former decree only in that the initials of defendant Zintgraff, appellant here, were changed from "J. H." to "T. H." Thereupon appellees were again permitted to intervene in the foreclosure suit and filed an answer as interveners, setting up the amended decree quieting the title as a bar to the foreclosure suit. Appellant filed an answer in which he raised certain legal objections, upon the overruling of which judgment was entered upon the pleadings dismissing appellant's complaint. From this judgment the appeal was granted.

[1] Appellant's first contention is that appellees could not again litigate the question as to whether the foreclosure of the mortgage was barred by the suit to quiet title, because that question had already been determined by the former decision of this court, which was "the law of the case."

The former decision involved only the legal proposition that a decree naming J. H. Zintgraff as defendant was not a bar to prosecution of a suit by T. H. Zint-

graff; because the identity of the parties being denied, and there being no proof of it, neither the district court nor this court could presume it. The present record presents an entirely different situation, as the foregoing statement shows. As we understand the doctrine of "law of the case," it is not applicable here.

[2] Appellant's next contention was that it was beyond the jurisdiction of the court, on July 17, 1922, to amend the original judgment of August 17, 1919, in the suit to quiet title. He urges that, under Fullen v. Fullen, 21 N. M. 212, 153 P. 294, the court lost jurisdiction over that judgment when it was rendered. It was indeed decided in that case that since we have no terms of court, except for disposing of jury cases, such power as the court had at common law to vacate its judgments during the term now ceases with the entry of the judgment. But it was expressly stated in that case that such powers over its judgments as the court could at common law exercise after term, it still retains. Such a power is that invoked in Crichton v. Storz, 20 N. M. 195, 147 P. 916, to amend in any material point as to which there could have been no doubt of the right, and the omission of which was inadvertent. Void judgments remain within the control of the court at all times. Upjohn v. County Commissioners, 25 N. M. 526, 185 P. 279. So, also, the court may modify a judgment "so as to correct what was evidently a purely clerical error." U. S. v. Irrigation Co., 13 N. M. 386, 85 P. 393. In the last-mentioned case, subsection 85 of the Code (Code 1915, § 4167) was cited as authority for the amendment; but the court might have relied for the ruling upon the general power of courts to correct clerical errors in judgments to make them speak the truth and represent the judgment actually pronounced. 34 C. J. 229; 15 Standard Ency. of Proc. 118; 5 Ency. of Pl. and Pr. 1053; 15 R. C. L. 679. The authority last mentioned, at page 680, considering "application of rule," says:

"A judgment may be amended so as to make the names of the parties therein conform to those of the writ and declaration."

That is the very power which the district court as-
sumed to exercise. The correctness or propriety of do-
ing so is, of course, not to be questioned in this collat-
eral proceeding. His jurisdiction to do so is, we think,
well established.

[3] Appellant's third and last proposition is stated
in the brief as follows:

"A decree unaccompanied by enough of the record to
show service of process on defendants, and complaint suf-
ficient to give the court jurisdiction to render the decree,
and that the parties in both cases are identical, and that
the decree was rendered on the merits is insufficient when
pleaded as an estoppel."

He cites 23 Cyc. 1526 (34 C. J. 1063).

The answer filed by the interveners (appellees) al-
leges that, by the decree in the suit to quiet title, a copy
of which was attached, "the title of these interveners
in and to the real estate described in said final decree
and in the plaintiff's complaint herein was quieted and
set at rest in favor of these interveners and against
the plaintiff herein, and the lien of plaintiff in said
real estate was by said decree barred as to said real
estate.  *  *  *" The attached decree adjudges "that
the plaintiff (s)  *  *  *  are the owners in fee sim-
ple absolute,  *  *  *  and that their right and inter-
est in said premises as such owners in fee simple is
hereby declared and established. And  *  *  *  that
the defendants  *  *  *  T. H. Zintgraff, their heirs
and assigns  *  *  *  be and they are forever barred
from any and all claims, right, or title in said premises,
liens therein or any part thereof.  *  *  *  " This
allegation, with the exhibit, "contains enough to show
clearly the scope of the former adjudication and the
relation of the parties to it." 34 C. J. 1063. It states
the "substantive fact" relied upon as a defense to the
foreclosure of appellant's lien. Code 1915, § 4125. We
think that under the liberal provisions and spirit of the
Code, the pleading must be upheld. Appellant's at-
tack on this pleading amounts, in our opinion, to a de-
murrer. We think that the substantial facts alleged,

or to be inferred by a reasonable intendment, are sufficient to withstand such attack. Michelet v. Cole, 20 N. M. 357, 149 P. 310.

Finding no error, the judgment will be affirmed and the cause remanded. It is so ordered.

PARKER, C. J., and BICKLEY, J., concur.