99 P.2d 106

DE BACA v. SAIS et al.

No. 4458.

Supreme Court of New Mexico.

Jan. 24, 1940.

Rehearing Denied Feb. 27, 1940.

106

Barnes & Corey, of Albuquerque, for appellant.

I. V. Gallegos, of Albuquerque, for appellees.

ZINN, Justice.

Appellant, plaintiff below, brought suit against appellees, defendants below, for judgment on a promissory note and to foreclose a mortgage given to secure payment of the note. In due time judgment was rendered in favor of appellant and against appellees for the amount due. A judgment of foreclosure was entered which ordered only a part of the property described in the mortgage to be sold to satisfy the judgment. Through error or mistake the judgment omitted other property described in the mortgage to be likewise sold.

The judgment was entered on Nov. 19, 1937. On Jan. 28, 1938, the referee appointed to make the sale filed her report showing the sale to appellant of the property described in the judgment. This report of the sale was approved by the court.

On April 14, 1938, appellant filed a motion for leave to file a bill of review and for an order granting process for the purpose of said bill of review and to add the name of I. V. Gallegos as a party defendant to said bill. This motion was granted on April 22, 1938, and the bill of review was filed the same day.

The bill set out in detail all of the proceedings had in the case alleging also that there was an error in the judgment of foreclosure whereby there was omitted therefrom a tract of land described in the mortgage, and that the failure to include this tract in the description was an error both in law and fact on the part of the court which deprived the appellant of rights belonging to him and which ought to be restored to him. The bill also alleged that such error arose without the knowledge and consent of the appellant or his attorney and was not in fact discovered by appellant until about 10 days before the filing of the bill of review.

Other matters are alleged in the bill of review which are not essential to a determination of the issue of law here presented.

The appellees filed a motion to strike the bill of review on four grounds, among which is the appellees' contention that the remedy is statutory and there is no law in the State of New Mexico which provides for a bill of review.

The trial court filed an order wherein it found that it had no jurisdiction to consider further and determine the matters set forth in the bill of review, and that the final judgment prayed to be reviewed by said bill of review had become res adjudicata. From this order denying the

bill of review the appellant prosecutes this appeal.

There is thus presented the question whether or not a trial court has jurisdiction, five months after entry of its own judgment, to correct and amend such judgment to speak the truth.

█ Appellees contend that the control over judgments of trial courts is fixed by statute and that beyond the limits marked out in the statutes they cannot go. To a certain extent this is true. In addition to the absolute control given courts over their judgments for a period of thirty days as found in 1929 Comp.St., Sec. 105-801, the trial courts are limited by statute in their control over default judgments and irregularly entered judgments. Comp.St. 1929, Sec. 105-843 as to default judgments. Sec. 105-846 as to judgments irregularly entered. There is no statutory regulation over the court as to the control it may exercise over judgments containing palpable or obvious errors however. Crichton et al. v. Storz et al., 20 N.M. 195, 147 P. 916; Zintgraff v. Sisney et al., 31 N.M. 564, 249 P. 108.

██ If appellant was clearly and legally entitled to have had included in the judgment of foreclosure entered on Nov. 19, 1937, the tract omitted therefrom, and which appellant now seeks to include, then the court was in error in denying the bill of review on the theory that it had no jurisdiction.

In the case of Crichton et al. v. Storz et al., supra, an additional judgment was entered more than six months after the rendition of the final judgment which had been entered on default. The appellant questioned the validity of this additional judgment. We said:

"The practice in amending final decrees is stated in 5 Enc. Pl. & Pr. 1053, as follows:

" 'A final decree may be amended after enrollment and in a material point, where the amendment is not a matter as to which there could have been a doubt as to plaintiff's right to have it made a part of the decree, if it had been asked for when the decree was rendered, and where the omission to insert it in the decree arose from inadvertence.'

"The text' is abundantly supported by cases cited. See Sprague v. Jones, 9 Paige (N.Y.) 395; Jarmon v. Wiswall, 24 N.J.Eq. 68; Oliver Finnie Grocery Co. v. Bodenheimer, 77 Miss. 415, 27 So. 613; 16 Cyc. 506. In view of the fact that in the judgment of May 13, 1913, the court allowed recovery for the costs of filing plaintiff's liens, and also the attorney's fees provided by the statute for foreclosing liens, there can be no doubt but that, if asked for at the time, the court would have rendered judgment foreclosing the liens as a matter of course, and that the omission to do so arose from mere inadvertence." '

Crichton et al. v. Storz et al., 20 N.M. 195, 147 P. 916, 917.

Likewise in the case of Zintgraff v. Sisney et al., supra, where the court entered

a new decree correcting obvious clerical errors, we said: "Appellant's next contention was that it was beyond the jurisdiction of the court, on July 17, 1922, to amend the original judgment of August 17, 1919, in the suit to quiet title. He urges that, under Fullen v. Fullen, 21 N.M. 212, 153 P. 294, the court lost jurisdiction over that judgment when it was rendered. It was indeed decided in that case that since we have no terms of court, except for disposing of jury cases, such power as the court had at common law to vacate its judgments during the term now ceases with the entry of the judgment. But it was expressly stated in that case that such powers over its judgments as the court could at common law exercise after term, it still retains. Such a power is that invoked in Crichton v. Storz, 20 N.M. 195, 147 P. 916, to amend in any material point as to which there could have been no doubt of the right, and the omission of which was inadvertent. Void judgments remain within the control of the court at all times. Upjohn Co. v. Socorro County Commissioners, 25 N.M. 526, 185 P. 279. So, also, the court may modify a judgment 'so as to correct what was evidently a purely clerical error.' United States v. Rio Grande Dam & Irrigation Co., 13 N.M. 386, 85 P. 393. In the last-mentioned case, subsection 85 of the Code (Code 1915, § 4167) was cited as authority for the amendment; but the court might have relied for the ruling upon the general power of courts to correct clerical errors in judgments to make them speak the truth and represent the judgment actually pronounced." Zintgraff v. Sisney et al., 31 N.M. 564, 249 P. 108.

If, as claimed by appellant and not denied by appellees, the judgment of foreclosure ought to have included the omitted tract as part of the property ordered to be foreclosed to satisfy the judgment, then the trial court erred in ruling that it had no jurisdiction to entertain the bill of review to correct or amend its own judgment. Whether the omitted tract ought to have been included in the judgment is a question for the trial court yet to determine. We here merely hold that trial courts at all times have jurisdiction over their final decrees to amend them, in material matters, to speak the truth. If in the instant case there could have been no doubt, had there been a proper request made, when the decree was rendered to include the omitted tract, that such omitted tract would have been included in the decree of foreclosure, then surely the court now has jurisdiction to make such correction.

For the reasons given the judgment of the court will be reversed with directions to entertain jurisdiction of the request of appellant to amend the original judgment.

It is so ordered.

BICKLEY, C. J., and BRICE and SADLER, JJ., concur.

MABRY, J., did not participate.