JOSE SECOU ET AL. *v.* LUIS LEROUX AND ESTEBAN ORTIZ.

NUNC PRO TUNC PROCEEDING.—An act done *nunc pro tunc* under the statute must be done at the discretion of the court; and to obtain the facts upon which to proceed, the court must confine itself to its own records and to the officers immediately connected with it.

INVALID APPEAL NOT PERFECTED NUNC PRO TUNC.—An appeal from a justice's court which is invalid, from the omission of a revenue stamp upon the appeal bond, can not be perfected by an order of the appellate court permitting the stamp to be affixed *nunc pro tunc.*

APPEAL from the district court for Mora county. The opinion states the case.

*S. B. Elkins,* for the appellants.

*C. P. Clever,* for the appellees.

By Court, BENEDICT, C. J.:

This, like the case of *Tipton* v. *Cordova, ante,* 383, was an appeal dismissed from the district court, because no stamp had been affixed to the bond in the proceeding of appeal. The appellants moved for permission to affix a stamp *nunc pro tunc.* This the court refused, and dismissed the appeal, and the appellants assign for error this action of the court. The like principles and reasonings asserted in the case of *Tipton* v. *Cordova* apply in this case. One feature of fact, however, varies from that case. In this the appellants moved, in the district court, for leave to affix a revenue stamp to the appeal bond *nunc pro tunc,* and the refusal by the court is assigned for error. In the other case no such motion was made, but the party stamped papers as he willed.

In the court below, the appellants seem to have misconstrued the practice when a thing may be done *nunc pro tunc.* It is a thing, say the books, "done at one time which ought to have been done at another." It is used when a court has done some act, or some one of its immediate ministerial officers, which from some omission, by neglect, forgetfulness, or some other cause, was not entered of record or otherwise noted, at the time the order or judgment was made by the court, or should have been made to appear upon the papers or proceedings by the ministerial officer.

Our practice act (see Rev. Stat., sec. 34, p. 198,) says: "It shall be the duty of the clerk, when any paper is filed in his office, immediately to enter on the back thereof his certificate of the day on which it was filed, in the words,

filed in my office, this —— day of ——, 18—, and sign his name as clerk to the same. But in case he should at any time neglect so to do, it may, at the discretion of the court, guided by the justice of the case, be entered *nunc pro tunc*, when the ends of justice may require it."

The phrase *nunc pro tunc* signifies now for then, or, in other words, a thing is done now, which shall have the same legal force and effect as if done at the time when it ought to have been done. It is to be done at the discretion of the court, and the refusal is not a matter of error to be examined and corrected in this court. The district court is to judge whether the ends of justice require it to be done. This court said at the January term, 1854, in the case of *Waldo, Hall & Co.* v. *Beckwith, ante*, 97, referring to the section quoted: "We do not suppose that the legislature intended to confer upon the courts an unlimited power to exert their discretion *nunc pro tunc*. The rule is universal that no act shall be done *nunc pro tunc*, or now for then, which shall work injustice to a party in court."

Again: "In prescribing to the courts below a rule of practice by which to obtain the facts upon which to exercise their discretion, in pursuance of section 34, we think they should be confined to their own records and to the officers in immediate connection with the courts."

This rule, so prescribed, remains as when declared, without modification or change, and we see no reason now to revoke it. The courts in this territory have been liberal in allowing parties, in appeal cases from justices' courts, to amend defective papers or proceedings in furtherance of justice. They have not hastened to turn litigants from the tribunals on account of the unskillfulness or omission of their counsel, or the ignorance, want of education, or mistakes of the inferior courts not of appeal. This court in the case of *Sanchez* v. *Luna*, extended to amendments full and ample liberality.

Since then the legislature has enacted in unison with the spirit and judgment this court had manifested, that, "the court shall allow all amendments which may be necessary in furtherance of justice in all cases appealed by petition

and certiorari, or in the ordinary mode." The permission asked in the district court in this case was, not to amend; it was to perform an act which must be performed in the justice's court by the party seeking to appeal. It was to do what an act of congress required to be done before the appellant could present himself with his appeal in the district court, and then it was to be valid by its having been duly stamped. It was not a case where leave to do a thing *nunc pro tunc* could be granted. As well might it be claimed that a declaration never filed or made should be allowed to be made and filed *nunc pro tunc*. With equal propriety might the court, in the case where no affidavit or bond had been made and filed in attachment, nor any writ issued, order that an affidavit and bond should be filed and an attachment issue *nunc pro tunc*, to relate back with full legal force and effect to some previous period of time.

The appeal, or rather attempt to appeal, carried with it no validity, for the want of a United States revenue stamp upon the process or proceeding of appeal in the office of the justice of the peace. The affixing of the stamp preparatory to the removal of the cause to a superior tribunal, was not an act which the district court, nor any of its immediate officers, had any duty to perform. Upon them rested no responsibility. This court can not save litigants from the consequences of ignorance of a positive and published act of congress, although it may sometimes seem to work hardship resulting from such ignorance. The courts have to interpret and administer, and not to make the laws.

In this case, as in the case of *Tipton* v. *Cordova*, we are of the opinion that the district court decided rightly in dismissing the appeal, and its judgment is affirmed in this court, with costs.