(No. 2272.)

## OJO DEL ESPIRITU SANTO CO. v. BACA.

### SYLLABUS BY THE COURT.

(1) A record of the district court may be amended upon the recollection of the judge, supplemented from the record already made and the evidence of officers in immediate attendance upon the court, including the attorneys in the case.
P. 514

(2) Section 4181, Code 1915, interpreted, and held to apply only to cases where the judge, owing to his other official duties, is unable to hear a matter at the very time the same is set for hearing. P. 515

(3) A writ of certiorari may be issued by this court of its own motion to require the district court to clear up an ambiguity existing in its order settling a bill of exceptions.
P. 516

Appeal from District Court, Santa Fe County; Reed Holloman, Judge.

On motion to quash writ of certiorari. Motion denied.

A. B. Renehan, of Santa Fe, and Marron & Wood, of Albuquerque, for appellant.

Catron & Catron, of Santa Fe, for appellee.

### OPINON OF THE COURT.

PARKER, C. J. This case was originally before this court upon a motion made by the appellee to strike from the record the bill of exceptions, the "special

bill of exceptions appearing by certificate,'' and the instructions of the court given to the jury. So far as the main bill of exceptions and the special bill of exceptions are concerned, the motion is based upon two grounds, viz: (1) That the record fails to show that 5 days' notice was given by the appellant to the appellee of his intention to apply to the district judge to have the proposed bill of exceptions settled and signed as is required by section 27, c. 43, Laws 1917, and that in fact no notice of 5 days was given the appellee of such proposed settling and signing of said bill of exceptions; (2) that the record shows that the appeal in the cause was taken on January 23, 1918, and that the pretended bill of exceptions was settled and signed on June 22, 1918, and a special bill of exceptions was settled on July 9, 1918, both of which said dates were long after the return day of said appeal and more than 80 days after the granting of the same, and the record failed to disclose any order extending the time within which to settle and sign the bill of exceptions. The motion to strike out the instructions to the jury is based upon the proposition that the instructions are not part of the record proper and can be made a part of the record only by bill of exceptions, while in this case they appear only in the record, proper, without having been settled and signed as a part of the bill of exceptions. In the certificate of the trial judge to the bill of exceptions, there appeared the following recitals:

"This cause having come on to be heard this 22nd day of June, 1918, upon the motion of the defendant appellant for settlement as a bill of exceptions in said cause of the stenographer's transcript on file, consisting of the preceding 506 pages of the matters and things therein contained, and for the certification of the defendant's costs, and A. B. Renehan appearing for the defendant and C. C. Catron for the plaintiff having advised the court that he has no objection to the transcript and bill of exceptions as tendered, except as appears therein, and the court being sufficiently advised in the premises," etc.

Upon consideration of the motion to strike the bill of exceptions, we heretofore held, in our opinion handed down on September 2, 1920, that this certificate, fairly interpreted would seem to indicate that there

was a waiver on the part of the appellee as to the contents of the bill of exceptions and not a waiver by him of his statutory right to 5 days' notice of the application to the district judge to have the bill of exceptions settled and signed. We thereupon held that the bill of exceptions should be stricken from the transcript, there being no evidence therein that the required notice had been given.

In regard to the so-called special bill of exceptions, we held that there was no pretense that any notice whatever was given appellee of the proposed settling and signing of the same, and it appearing from the certificate attached thereto that it was settled and signed upon the request of counsel for the appellant, the same should be stricken from the record. We likewise held that the instructions, not having been ordered to be filed by the clerk, were not a part of the record proper and should be stricken therefrom.

Upon consideration of the motion to strike, we held that the fact of an extension of time within which to perfect an appeal need not necessarily appear in the transcript of record, but that a certificate of the district clerk, filed in the office of the clerk of this court, was sufficient evidence upon which this court might determine whether the settling and signing of the bill of exceptions was had within the statutory time. A motion for a rehearing upon the motion to strike was filed by appellant, and a counter motion was filed by appellee to strike the same from the files, on the ground that the motion was not accompanied by a brief. This motion was sustained. Upon examination, however, of this motion for a rehearing, we became somewhat doubtful of our construction of the order settling the main bill of exceptions and stated, in an opinion handed down on March 18, 1921 (28 N. M., p. 499, 214 Pac. 764), that the court would grant a rehearing of its own motion of the former judgment upon the motion to strike the bill of exceptions. Thereupon the appellee filed an application in this court for a writ of certiorari to correct the record below, which application

was denied in an opinion handed down October 6, 1921, (28 N. M., p. 507, 214 Pac. 767), upon the ground that appellee had submitted his case on the motion to strike upon the record as it then stood, and it could not afterwards seek to avoid a possible adverse ruling by this court by correcting the record. On December 3rd, 1921, the court of its own motion ordered a writ of certiorari to the district judge to certify to this court the circumstances relative to the notice of the time and place of settling and signing the bill of exceptions in the case, on the ground that the court itself desired the equivocal language used in the order settling the bill cleared up. The writ issued, and the district judge has made a return to the same in which he states:

That, at the time of the presentation of the bill of exceptions for settlment and signature, he noticed the statement therein as follows:

"C. C. Catron for the plaintiff, having advised the court that he has no objection to the transcript and bill of exceptions as tendered, except as appears therein."

That he thereupon called up C. C. Catron by telephone, informing him that said record had been presented for the purpose of settling and signing the bill of exceptions, and also asking him if he was making any objections to the settling and signing of the same; that, in response to said statement of the court to Mr. C. C. Catron, he stated to the court over the telephone that he had received no notice whatever, and that he was not at that time objecting to anything or consenting to anything, that he was not taking any action in the matter whatever, and was standing on his legal rights, and reserved the right to raise any question in the future that he cared to. That thereupon the court stated to counsel for the appellant that, in his opinion it would be wise to bring Mr. Catron in by notice, whereupon the court was informed by counsel for appellant that they were willing to stand upon the record as made under the conditions then existing. That thereupon the order settling, signing, and sealing the

bill of exceptions, as presented, was signed by the trial judge. That neither Mr. C. C. Catron nor any other representative of the appellee or plaintiff, was presen in court, nor did they appear in court at that time.

The district court thereupon further returned that he has, in accordance with the true facts, corrected said certificate to said bill of exceptions by an order nunc pro tunc as of June 22, 1918, so as to speak the truth, and attaches a copy of said corrected certificate to his return. The corrected certificate is in accordance with the facts heretofore recited, and shows that counsel for the appellee informed the district judge at the time the bill of exceptions was presented to him for settlement and signature that he had received no notice of the time and place for such settlement and signature. Thereupon counsel for appellant have filed in this court a motion to vacate the order for a writ of certiorari, and to vacate such writ, and to strike the return thereto for the following reasons: (1) That the said writ is an arbitrary exercise of power. (2) That it does not appear and has not appeared that there existed any competent memoranda, bench notes, or other form of written data, in the possession of the lower court upon which to base a change of the certificate settling the general bill of exceptions, and because essentially the said return is based upon the memory of the judge of the lower court. (3) That the new certificate is the creation of a record and not the amendment of one. (4) That the new certificate does not declare, as it should declare, whether or not the change of the original certificate was based upon memory solely, or whether there was any judicial memoranda upon which it was based, and if any such existed, what the memoranda were; that it fails to certify, to the fact that the settling of the bill of exceptions was postponed on June 1, 1918, from Santa Fe to Tierra Amarilla, at the term of court there to be held in June, 1918.

In support of this motion several propositions are put forward.

[1] Counsel first argues that an amendment of a record may not be made from the recollection of the judge alone. He cites Chester v. Graves, 159 Ky. 244, 166 S. W. 998, Ann. Cas. 1915D, 678, 681, and note. The note appended to this case states the majority rule to be that an amendment of a record can be based only on record evidence which necessarily excludes all evidence, parol or otherwise, which is dehors the record. The note states the minority rule to be that judgments may be corrected nunc pro tunc on any satisfactory evidence, so long as it is convincing, even though it is dehors the record. New Mexico occupies, from its previous decisions, a somewhat middle ground, to the effect that a record may be amended from the record or from the statements of officers in immediate connection with the court, together with the personal recollection of the judge. See Waldo v. Beckwith, 1 N. M. 103; Secou v. Leroux, 1 N. M. 388; Borrego v. Territory, 8 N. M. 446, 490, 46 Pac. 349. In the matter now before the court, the facts necessarily reside largely in the recollection of the judge, although he states in his return that he has corrected the record, after "having considered the record in the above cause, by it previously made, and the affidavit filed by both counsel, and the facts presented to the court." The circumstances of the settling and signing of the bill of exceptions require no official memorandum from any of the court officers, and there would ordinarily be no so-called "bench notes" to which reference might be had. And the question is whether a record may be amended under such circumstances. Although we recognize that it is a minority doctrine, we do not feel at liberty to depart from a doctrine so long established in this jurisdiction. The judge in this case has corrected this record to make it speak the truth as to the circumstances under which he settled and signed the bill of exceptions. His return shows that there was in fact no waiver of notice of the time and place of settling the bill of exceptions by the appellee, but, on the contrary, that counsel for the appellee, on the occasion when the bill was settled

and signed, expressly denied that he had had the statutory notice, thus clearly avoiding the consequence of waiver, as the recital in the order settling the bill might imply. Under such circumstances the recollection of the trial judge, supplemented as above recited, is to be safely relied upon, and we will adhere to the prior decisions in this jurisdiction.

[2] Counsel for appellant put forward the further proposition that, as counsel for appellee had received notice that on June 1, 1918, appellant would apply for the settling and signing of the bill of exceptions, that he was not entitled to any further notice. The circumstances as disclosed by the record attending this matter are as follows: Counsel for appellant had served counsel for appellee with notice that he would apply on June 1, 1918, for the order, and it appeared that counsel for appellee was unable to be present and that counsel for appellant voluntarily applied to the court and was granted an extension of 30 days within which to have the bill settled and signed. Counsel relies upon section 4181, Code 1915, which is as follows:

"When notice of a motion is given, or an order to show cause is returnable before a judge or court, and at the time fixed for the motion the judge is absent or unable to hear it, the motion may be heard without further notice as soon as it can be heard by the judge."

It will be seen at once that the section is wholly inapplicable to the situation at hand. The section is designed to cover cases where the judge, by reason of other official duties, is unable to hear a given matter at the very time for which notice has been given. In such case, as soon as the judge can reach the matter, he will be entitled to take it up and decide it without further notice. But the facts in the present case are that the judge was ready and capable to take up the matter of settling and signing the bill, but that counsel for appellant, upon his own application, had the matter continued to some indefinite time in the future, within 30 days from the date of the continu-

ance. Under such circumstances it is clear that notice was required in order to give jurisdiction of the appellee.

[3] Counsel for appellant suggest that, as the district court loses jurisdiction of the cause, in so far as settling and signing a bill of exceptions is concerned, after the expiration of the statutory time allowed therefor, this court has no power to confer such jurisdiction on that court. The trouble with this proposition is that it is wholly inapplicable. This court has not attempted to confer jurisdiction on the district court, but by its writ of certiorari has simply required the court to amend its record in accordance with the facts, and thus clear up an imbiguity in its former order.

It follows from all of the foregoing that the motion to quash the writ and return should be denied, and that the original opinion filed in this case on September 2, 1920, was correct, and that the interpretation therein given to the order settling the bill was the proper interpretation thereof, and that the order in said opinion should be adhered to, and it is so ordered.

BARNES, J., and BRATTON, District Judge, concur.