[No. 3444. Dec. 21, 1929.]

STATE v. CRANFILL.

[282 Pac. 819.]

Fitzhugh & Fitzhugh, of Clovis, for appellant.

M. A. Otero, Jr., Atty. Gen., and E. C. Warfel, Asst. Atty. Gen., for the State.

## OPINION OF THE COURT

SIMMS, J. Under an information in two counts, charging (1) sale of intoxicating liquor, to wit, whisky, and (2) keeping it for sale, appellant was convicted.

The information was drawn pursuant to section 1, c. 89, Laws of 1927, and in each count it charges that such intoxicating liquor (whisky) was not denatured or wood alcohol or grain alcohol intended for medicinal, mechanical, or scientific purposes only, and was not sacramental wine. Appellant says the state failed to prove these exceptions, and thereby failed to make a case, and the court was in error in not granting a peremptory instruction.

We have held that such exceptions need not be negatived in drawing the information. State v. Snyder, 30 N. M. 40, 227 P. 613.

The witnesses for the state testified that the liquor they bought was whisky, and intoxicating, which not only is evidence of what it was but certainly is evidence that it was not any one of the excepted things named in the statute. We perceive no merit in appellant's contention.

Next appellant contends that the trial judge had no right to preside because two of the prosecuting witnesses had appeared before him and given testimony for the purpose of obtaining a search warrant, and, in hearing such testimony and allowing the search warrant to issue, the trial judge had "presided in any inferior court" in the trial of the same case, contrary to the prohibition of section 18 of article 6 of our Constitution. The con-

tention seems so clearly devoid of merit that we overrule it without discussion.

 Finally appellant complains that the trial court permitted the state to prove by a witness that the liquor in question was whisky and intoxicating, without first having qualified the witness as an expert whose opinion might be received. It has been repeatedly held that the intoxicating nature of whisky is a matter of such common knowledge that expert testimony is not necessary to establish it. State v. Snyder, supra. See, also, 16 C. J. "Criminal Law," p. 751, and cases cited.

Finding no error in the judgment, we conclude that it should be affirmed, and it is so ordered.

BICKLEY, C. J., and WATSON, J., concur.

PARKER and CATRON, JJ., did not participate.