**7 P.(2d) 295**

## STATE v. REESE.

No. 3683.

Supreme Court of New Mexico.

Jan. 4, 1932.

James A. Hall, of Clovis, for appellant.

E. K. Neumann, Atty. Gen., and Quincy D. Adams, Asst. Atty. Gen., for the State.

WATSON, J.

Appellant was convicted of transporting intoxicating liquors while armed. 1929 Comp. § 72-301.

The single question here presented is the sufficiency of the evidence to warrant submission to the jury.

■ It is first contended that the intoxicating character of the liquor was not established. It was in court and a witness with some experience, and who said he could tell intoxicating liquor by taste, and who had tasted it, gave the opinion that it was intoxicating. This was sufficient. State v. Snyder, 30 N. M. 40, 227 P. 613. State v. Cranfill, 34 N. M. 449, 282 P. 819.

■ The proof of transportation is also challenged. Two deputy sheriffs had come to Clovis to serve an attachment on appellant's automobile. Not having found him, they were returning home when they met appellant in his car on the road. They turned around and followed him into Clovis. Shortly after the state's witnesses had parked on Main street, appellant parked on the opposite side. When he parked he was alone in the car. One of the deputy sheriffs immediately alighted and crossed the street, and, on arriving, found a third party sitting with appellant in the car. He also found firearms and a one-half gallon and two quart jars, containing the liquor identified as intoxicating, on the package shelf behind the driver's seat and covered with a blanket; also a few bottles of something referred to, but perhaps not identified, as beer, on the floor.

The claimed infirmity of this evidence is that it fails to exclude a theory that, instead of appellant having transported the liquor, the third party may have just made a delivery of it. Appellant argues as if we were here to apply the circumstantial evidence rule. We think not. He did not request, and the court did not give, a circumstantial evidence instruction, or object to the instructions given.

Under those circumstances, the instructions given are the law of the case. State v. Wallis, 34 N. M. 454, 283 P. 906.

Even if this were not true, the only question on appeal would be whether the evidence substantially supports the verdict. State v. Clements, 31 N. M. 620, 249 P. 1003. We are satisfied of its sufficiency.

The judgment is affirmed. It is so ordered.

BICKLEY, C. J., and HUDSPETH, J., concur.

PARKER and SADLER, JJ., did not participate.