## Bolen v. Commonwealth.
(Decided Oct. 6, 1936.)

H. H. SMITH for appellant.

B. M. VINCENT and W. OWEN KELLER for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

Kendall Bolen appeals from a judgment of the Knott circuit court sentencing him to a term of five years' imprisonment for manslaughter. He insists that the judgment should be reversed because the evidence was not sufficient to sustain the verdict, and because the court failed to instruct the jury on involuntary manslaughter and accidental killing.

Clarence Wicker was killed on Rock Fork in Knott county on September 29, 1935. Religious services were being held at a point near the place where the killing occurred, and, in accordance with the custom in that vicinity, a number of persons had gathered near by for the purpose of trading horses. It appears that a con-

siderable quantity of liquor was consumed by this crowd. Tom Manns, a resident of Floyd county, became drunk and disorderly, and rode his mule through the crowd, firing a pistol into the ground and shouting: "You don't know nothing about bad men. I am the worst s—— of a b—— you ever did see." Clarence Wicker and appellant, who were friends and neighbors, were sitting on a mule, Wicker behind appellant. As Manns passed them, he fired 2 or 3 shots into the ground, and Wicker said: "Let's get him." Wicker got off the mule and grappled with Manns, and several others present joined in the scuffle. Appellant also dismounted and went to the scene of the trouble. A number of witnesses for the commonwealth testified that appellant had a pistol in his hand before he dismounted, and that as he approached Wicker and Manns he placed it under the bib of his overalls and fired 3 shots from this position, and that these were the only shots fired. When the first shot was fired, Wicker staggered back and fell mortally wounded. Manns was shot twice in the back. Several witnesses testified, however, that as many as 12 or 15 shots were fired, though they were unable to say who did the shooting, other than Bolen. Irven Cobern, a deputy sheriff of Knott county, testified that he was present and summoned Wicker and appellant to assist him in arresting Manns, and that the shooting occurred while they were attempting to make the arrest. Appellant testified, but did not state that he had been summoned by Cobern to assist in making the arrest. He said that Wicker and Manns were in a scuffle and that Manns shot Wicker, and that he shot Manns in his own self-defense, and that, if he shot Wicker, he did not intend to do so. The commonwealth introduced evidence which tended to show that appellant fired the shots after Manns had been disarmed and when neither Wicker nor he was in any danger at the hands of Manns. There was also evidence that appellant, Wicker, and Cobern were drunk. The evidence is conflicting on the issue as to whether or not appellant was justified in shooting when he did, and, there being some evidence tending to support the commonwealth's theory of the case, it was the province of the jury to pass upon the credibility of the witnesses, and their verdict should not be disturbed.

Appellant's contention that he was entitled to instructions on involuntary manslaughter and accidental

killing seems to be based on the notion that, if he shot at Manns and unintentionally killed Wicker, he is guilty of no offense, even though he was not justified in shooting at Manns. This is not the law. The rule is that, if one by mistake kills one person when he intended to kill another, he is guilty or innocent exactly as though the fatal act had caused the death of the person against whom it was directed, and the homicide is murder or manslaughter or excusable homicide according to the attendant circumstances. Shelton v. Com., 145 Ky. 543, 140 S. W. 670; Thompkins v. Com., 90 S. W. 221, 28 Ky. Law Rep. 642; Wheatley v. Com., 81 S. W. 687, 26 Ky. Law Rep. 436. Appellant admits that he intended to shoot Tom Manns, and his act therefore was not involuntary, nor was the killing of Wicker an accident making it an excusable homicide if appellant was not justified in shooting at Manns.

We have carefully examined the instructions and find that they were drawn with meticulous care and present with unusual clarity every theory of the defense. Instruction No. 5 correctly defines appellant's rights if he had been summoned by an officer to assist in arresting Manns, and told the jury that, if appellant shot at Manns under the circumstances therein stated and in doing so unintentionally shot and killed the deceased, Clarence Wicker, they should find him not guilty. The instructions presented every phase of the case which the jury were authorized to consider under the evidence.

Finding no error prejudicial to appellant's substantial rights, the judgment is affirmed.