294 P.2d 282

**STATE of New Mexico, Appellee,**

v.

**Leopoldo V. GRIEGO, Appellant.**

No. 6004.

Supreme Court of New Mexico.

Feb. 15, 1956.

Dean S. Zinn, Frank B. Zinn, Santa Fe, for appellant.

Richard H. Robinson, Atty. Gen., Santiago E. Campos, Fred M. Standley, Asst. Attys. Gen., for appellee.

COMPTON, Chief Justice.

Appellant was convicted by a jury of Sante Fe County of the crime of voluntary manslaughter and he appeals.

The offense occurred on the afternoon of January 1, 1955. Appellant, Francisco Gonzales, the deceased, Eusebio Mueller;

Patricio Mueller and Alfonso Mueller began celebrating the New Year early and continued to consume intoxicating liquor from time to time until about 2:00 P.M. when the party went to the home of appellant where they engaged in dancing. For some unexplained reason appellant and his wife were involved in a scuffle and he pushed her. Her head struck the door and began to bleed slightly. Patricio Mueller, seeing the blood on Mrs. Griego, made inquiry of appellant why he had struck her. In response, appellant stated to Patricio Mueller that he would also strike him, whereupon, appellant was knocked down by Patricio. While lying on the floor, Mrs. Griego attempted to tie his hands, but was unsuccessful. He was then assisted to his feet and placed on a table in another room, the kitchen. He sat there for a short while, then returned to the living room and ordered everyone out of the house. Patricio Mueller refused but was forcibly ejected. Appellant engaged in another scuffle and Gonzales was seen to fall to the floor. He was immediately taken to St. Vincent Hospital but was dead upon arrival. There was a sharp cut, smooth edge wound just below the collar bone of the upper left chest. A post-mortem examination showed a deep wound, penetrating the heart.

About 5:00 P.M. appellant and his wife were taken into custody. They were first taken to the county jail and then to the District Attorney's office where they were questioned. At first appellant maintained his innocence but later confessed. The written confession, in part, reads:

"Patricio Mueller and I got in a fight, when he hit me, I was drunk, I became blind with anger and I picked up a knife to cut him. I threw some blows with the knife and as I was drunk and blind with anger I don't know who I cut or stabbed."

The sufficiency of the evidence to support a conviction of voluntary manslaughter is the first question. It is asserted that "sudden quarrel or heat of passion", essential elements of the crime of voluntary manslaughter, must be provoked by the party slain. It may well be that the deceased did nothing to provoke appellant's anger but this does not excuse his unlawful act. Where, in the execution of an intent to do wrong, an unintended illegal act ensues as a natural and probable consequence, the unintended act follows the wrongful intent. And, if a person intends to kill one person and unintentionally kills another, his guilt or innocence is to be determined as though the fatal act had caused the death of the person against whom the act was directed. Bolen v. Commonwealth, 265 Ky. 456, 97 S.W.2d 1; People v. Ortiz, 320 Ill. 205, 150 N.E. 708; State v. Chavez, 85 Mont. 544, 281 P. 352; Jackson v. State, 69 Ga.App. 707, 26 S.E.2d 485.

The argument is made that the evidence shows appellant to be guilty of second degree murder, if anything. In this regard, he cannot complain of evidence of

a higher degree of homicide than that of which he was convicted. The statute, § 41-13-1, 1953 Comp., is controlling.

■ A strenuous effort is made by appellant to escape the consequences of the confession. He contends that the discomfort of his wife while she was in custody induced his confession. This contention cannot be sustained. As previously stated, he and his wife were taken into custody about 5:00 P.M. They were placed in separate rooms and repeatedly questioned during the night. Not only did they maintain their innocence but disclaimed any actual knowledge of the killing. While Mrs. Griego complained of being hungry and cold on several occasions, there is evidence that the officers were quite considerate of her. Hot coffee was served at various times and when Mrs. Griego complained of being cold, she was furnished with wraps. We have given careful consideration to this claim of error and conclude that there is no evidence of coercion or duress. A serious offense had been committed and the peace officers were properly acting within the scope of their official duties in solving it. State v. Lindemuth, 56 N.M. 257, 243 P.2d 325.

■ It is asserted the court erred in admitting the confession in evidence because there was no independent proof of the corpus delicti. This claim of error must be rejected. In homicide cases the corpus delicti is established upon proof of the death of the person charged in the indictment or information, and that the death was caused by the criminal act or agency of another. State v. Lindemuth, supra; State v. Dena, 28 N.M. 479, 214 P. 583. The evidence is clear that Francisco Gonzales is dead; that there was quarreling and fighting in appellant's home in which he participated; that he engaged in a struggle in which Francisco Gonzales was seen to fall; that Gonzales died as a result of a fatal wound. And more, there is evidence that appellant's mother took a knife from him after the fight.

■ Appellant testified in his own behalf, and on cross-examination, he was asked if he had ever been convicted of a felony, to which he replied that he had. Over objection, he was then asked if that felony was not manslaughter. He again answered in the affirmative. The overruling of appellant's objection to the latter question is assigned as error. We think the examination was proper. Not only was the state entitled to establish by the accused the former conviction, but the name of the felony as well. State v. Conwell, 36 N.M. 253, 13 P.2d 554; State v. Roybal, 33 N.M. 540, 273 P. 919.

The judgment will be affirmed, and it is so ordered.

LUJAN, SADLER, and McGHEE, JJ., concur.

KIKER, J., not participating.