303 P.2d 390

STATE of New Mexico, Plaintiff-Appellee,

v.

Manuel OCANAS, Defendant-Appellant.

No. 6131.

Supreme Court of New Mexico.

Nov. 9, 1956.

McAtee, Toulouse & Marchiondo, Albuquerque, for appellant.

Richard H. Robinson, Atty. Gen., Paul L. Billhymer, Harry E. Stowers, Jr., Asst. Attys. Gen., Santa Fe, for appellee.

COMPTON, Chief Justice.

Appellant was convicted by a jury of Bernalillo County of the crime of burglary, and he appeals.

The information contains two counts. Count one charges that appellant did break and enter in the nighttime the dwelling house of Mrs. Isabel Muniz with intent to steal. Count two charges that appellant did steal money in excess of $50, the property of Mrs. Muniz. He was found guilty of the former charge and acquitted of the latter.

It is asserted that the court erred in the admission of evidence with respect to prior convictions of felonies on cross-examination of appellant. Appellant had testified in his own behalf, and the district attorney, having been supplied with his criminal record by the Federal Bureau of Investigation, sought to impeach his testimony by showing he had been convicted of numerous felonies. On cross-examination, he was interrogated with regard to such former convictions, as follows:

"Q. Mr. Ocanas, have you ever been convicted of a felony? A. Yes, sir.

"Q. How many times?

\* \* \* \* \* \*

"Q. How many times have you been convicted of a felony, Mr. Ocanas? A. Twice, sir.

"Q. And what were those convictions for?

\* \* \* \* \* \*

"Q. Will you answer the question, please? A. Yes, sir.

"Q. Would you tell the Court and Jury what felonies you have been convicted of? A. Yes, sir, for narcotics, sir, user of marijuana, yes, sir.

"Q. Which felony was that? A. Sir?

486

"Q. When was that? A. That was in '53, sir.

* * * * * *

"Q. What state? A. New Mexico, sir.

"Q. What other felony have you been convicted of? A. I have been convicted for the same thing, sir.

"Q. And where was that? A. That was in the state of California, sir.

"Q. And what year? A. I wouldn't want to say on that, sir. I am not exact on that.

"Q. Isn't it true that you were convicted of two felonies in California? A. No, sir, no, sir—

"Q. On 8/5/43,—where were you in August of 1943? A. In California.

"Q. And where were you on August 5, 1943? A. Probably California, sir.

"Q. Were you convicted of grand theft auto in California in 1943? A. Yes, sir, yes, sir.

"Q. And where were you on July 11, 1944? A. In California.

"Q. And do you know where you were on July 11, 1944? A. That was when I was convicted of, like I said, narcotics, marijuana.

"Q. In California? A. Yes, sir.

* * * * * *

"Q. Now, where were you on September 12, 1948? A. I wouldn't know, sir. You would have to tell me, then I would recall it.

"Q. Were you in California? A. Probably sir, I don't recall.

"Q. Were you convicted of a felony in 1948, September? A. That was the one I told you for narcotics, yes, sir.

"Q. Well, that was about August of 1943?

* * * * * *

A. I think that was for the stolen car or something, sir, you would have to remind me, I don't recall the dates."

 We have repeatedly held that on cross-examination, the State may go no further than to show the conviction of the witness and the name of the particular felony or misdemeanor of which he had been convicted, State v. Griego, 61 N.M. 42, 294 P.2d 282; State v. Riley, 40 N.M. 132, 55 P.2d 743; State v. Conwell, 36 N.M. 253, 13 P.2d 554; State v. Roybal, 33 N.M. 540, 273 P. 919, and we adhere thereto. By statute, the district attorney on cross-examination was entitled to show all prior convictions and the names of the particular offenses. Section 20–2–3, 1953 Compilation. The present examination of

the witness went no further. Appellant was either evasive in his answers or was confused as to the felonies committed by him, and it is apparent the district attorney was merely assisting him in identifying them. Appellant was not prejudiced by the cross-examination.

The sufficiency of the evidence is challenged. Specifically, it is argued that there is no substantial evidence of breaking and entering, or that the offense was committed in the nighttime. Mrs. Muniz left her home about 5:00 p. m. and at that time the doors and windows were locked. When she returned about 9:00 p. m., she found her house disarranged. Her bed was "mussed up." Clothing had been removed from a suit case. A pair of earrings were missing. A window screen, previously nailed to a window, had been removed and was found lying on the ground. Nails at the corners of the window had been bent and the window was up. There were foot prints under the raised window identified as having been made by the shoes which the appellant was wearing at the time of his arrest, which was shortly after Mrs. Muniz returned home on the evening of December 15, 1954.

It was stipulated as a fact that the sun set at 4:56 p. m. on the day of the offense and that it was nighttime after 5:24 p. m. Whether the offense was committed in the nighttime, the appellant himself furnishes the answer. He testified that he was in the home of his mother until after 5:30 that night. Further, he was seen near the Muniz home between 7:00 and 7:30 p. m. by several witnesses. We think this evidence, though circumstantial in part, amply supports the finding of the jury that the breaking and entering was in the nighttime. State v. Rice, 58 N.M. 205, 269 P.2d 751; State v. Reese, 36 N.M. 28, 7 P.2d 295.

We make the observation the jury was instructed that both breaking and entering in the nighttime with intent to commit the crime of larceny, was a material allegation to be established by the evidence before a verdict of guilty would be warranted. The instruction was much too liberal and placed an extra burden upon the State. The mere entry of an occupied dwelling house in the nighttime with intent to commit larceny, is burglary. Section 40-9-7, 1953 Compilation.

The judgment will be affirmed, and it is so ordered.

LUJAN, SADLER, McGHEE and KIKER, JJ., concur.