384 P.2d 252

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Jimmy HATLEY, Defendant-Appellant.**

**No. 7224.**

Supreme Court of New Mexico.

June 17, 1963.

Rehearing Denied July 10, 1963.

Robert Hoath LaFollette, Albuquerque, for appellant.

Earl E. Hartley, Atty. Gen., James E. Snead, III, J. E. Gallegos, Asst. Attys. Gen., Santa Fe, for appellee.

CARMODY, Justice.

The appellant appeals from a sentence following a jury's verdict finding him guilty of mayhem.

After the briefs were all filed, the attorney general moved to dismiss the appeal on two jurisdictional grounds, (1) that there was no written judgment and sentence, and (2) that the appellant had been found guilty by the same jury on two other counts charged in the information, but that the court had not imposed any sentence on these other counts and, therefore, the appeal was premature. Subsequent to the filing of the motion, appellant moved for a diminution of the record and furnished to this court a certificate from the clerk of the district court consisting of the records of the minutes at the trial and certified copies of a final judgment as to the mayhem count of the information, which certificate was made and entered on the 28th of May, 1963, but directed to be filed nunc pro tunc as of the 15th of September, 1961, the date upon which the appellant was orally sentenced in court.

The aforesaid instruments do not in any sense constitute a proper record for the consideration of this court, so in order to finally dispose of the proceeding, the court, of its own motion, pursuant to Supreme Court Rule 14(12) (§ 21–2–1 (14) (12), N.M.S.A.1953), directed that certiorari be issued for a proper diminution of the record. The same has now been received and may properly be considered by the court. Therefore, with regard to the first ground of the state's motion, it now appears from the record that the appellant, after the verdict of the jury, was sentenced on the count of mayhem to not less than one year nor more than five years in the state penitentiary.

The judgment and sentence nunc pro tunc merely formalized the oral sentence made by the court when sentence was

passed. Although we cannot approve of the failure of the trial court to properly enter judgment as required by statute, under the circumstances of this case we are of the opinion that the nunc pro tunc final judgment suffices to satisfy our jurisdictional requirement, Secou v. Leroux, 1866, 1 N.M. 388; Borrego v. Territory, 1896, 8 N.M. 446, 46 P. 349; United States v. Rio Grande Dam & Irrigation Co., 1906, 13 N.M. 386, 85 P. 393; Ojo Del Espiritu Santo Co. v. Baca, 1921, 28 N.M. 509, 214 P. 768; and Zintgraff v. Sisney, 1926, 31 N.M. 564, 249 P. 108. See annotations and cases cited in 10 A.L.R. 526, supplemented at 67 A.L.R. 828 and 126 A.L.R. 956.

■■ The meaning of the phrase "nunc pro tunc" is the same today as it was almost a hundred years ago, when this court, in Secou v. Leroux, supra, gave the following definitions:

" * * * It is a thing, say the books, 'done at one time which ought to have been done at another.' It is used when a court has done some act, or some one of its immediate ministerial officers, which from some omission, by neglect, forgetfulness, or some other cause, was not entered of record or otherwise noted, at the time the order or judgment was made by the court, or should have been made to appear upon the papers or proceedings by the ministerial officer.

*       *       *       *       *       *

"The phrase *nunc pro tunc* signifies now for then, or, in other words, a thing is done now, which shall have the same legal force and effect as if done at the time when it ought to have been done. * * *"

Thus, the entry of the nunc pro tunc order in this case merely confirms the facts of what originally occurred, and is therefore the doing of a ministerial act, not a judicial one as was prohibited in State v. White, 1962, 71 N.M. 342, 378 P.2d 379.

We would observe that, lacking the aforesaid written judgment, the case would fall within the rule announced in State v. Morris, 1961, 69 N.M. 89, 364 P.2d 348, because the record, as it originally appeared in this court, failed to disclose any formal written order of judgment signed by the judge and filed in the case, or entered upon the records of the court and signed by the judge thereof.

The first point of the motion to dismiss is not well taken.

■■ With respect to the second point made on the motion, we find it also to be without merit. By what authority the trial court refused to pass sentence on counts 2 and 3, after a verdict finding the appellant guilty, we do not know. It certainly was not in accordance with § 41–17–1, N.M.S.A.1961 Supp., nor could it be deemed action taken pursuant to § 40–1–11, N.M.S.A.1961 Supp., inasmuch as it cannot be

considered a suspension of sentence or the granting of probation. At the most, the action of the court can only be considered as deferring the entry of judgment as to these counts. However, it should be patent that the court's failure to take proper action on those two counts could not operate to prevent the appellant from appealing a penitentiary sentence properly imposed. Were it otherwise, a trial court could prevent the taking of an appeal simply by refusing to pass sentence on one count where a defendant had been convicted of multiple counts. This we do not believe to be the law. The three counts of the information constituted distinct offenses which could have been tried separately; and, under the circumstances here present, the appellant must be granted the right of appeal.

We do not reach the question concerning the status of the two convictions upon which sentence was not passed, but will proceed to the disposition of the appeal on the charge of mayhem.

Appellant complains that the evidence does not support a finding of mayhem, since there was a failure of proof of a specific intent to maim. The appellant contends that there must be a showing of criminal intent necessary for a conviction, and we agree. However, as we said in State v. Griego, 1956, 61 N.M. 42, 294 P.2d 282:

"Where, in the execution of an intent to do wrong, an unintended illegal act ensues as a natural and probable consequence, the unintended act follows the wrongful intent * * *"

In State v. Trujillo, 1950, 54 N.M. 307, 224 P.2d 151, we affirmed the conviction of three defendants under a charge of mayhem, which was an outgrowth of a fight in which the three defendants threw the prosecuting witness to the ground and kicked him in the head and face, resulting in the loss of an eye. There was no specific proof of intent to maim as such, but we said:

"If we should assume that the statutory crime of mayhem includes a specific intent to do the precise injury inflicted, as defendants contend, (as is the case under some statutes), still, according to the majority rule, the evidence justified the verdict."

■ In the instant case, there is evidence that the appellant deliberately struck the prosecuting witness as the latter was attempting to leave the place where an earlier scuffle occurred. Although the testimony is not clear as to who was the aggressor in the first instance, nor whether there was provocation for the blow which resulted in the loss of the eye, there is no dispute that the appellant deliberately struck the blow which resulted in the injury. It is claimed that if the prosecuting witness had not turned his head at the moment of the

blow, the injury to the eye would not have resulted. However, this is answered by State v. Griego, supra.

■■ We think the conduct of appellant falls well within the rule so as to make him liable for the consequences of an unlawful act, even though such consequences may not have been intended. One who, in the commission of a wrongful act, commits another wrong not meant by him, is nevertheless liable for the latter wrong. 14 Am.Jur. 786, Criminal Law, § 26. Here, the appellant deliberately committed the crime of assault and battery, and, in so doing, committed mayhem.

■ We find no error as to appellant's claim of failure to prove specific intent, since this is inferred as a matter of law. State v. Trujillo, supra, and State v. Ankeny, 1949, 185 Or. 549, 204 P.2d 133.

■ Appellant's other point relied upon for reversal relates to the trial court's giving a supplemental instruction, sometimes termed a "shotgun instruction," after the jury had been out only three hours. Appellant recognizes the rule stated in State v. Moore, 1938, 42 N.M. 135, 76 P.2d 19, to the effect that the giving of additional instructions is within the sound discretion of the trial court. He argues, however, that three hours was too short a time to warrant the court's giving such an instruction and that there should have been at least a five- or six-hour lapse of time. We would observe that the trial of this case was exceedingly short. The empaneling of the jury, the reception of all the evidence, and the giving of instructions to the jury required only about six hours, and this included the time necessary for luncheon. The issues were not complex, and it is very possible that the trial court felt that the additional instruction was necessary after three-hours' deliberation in view of the relatively simple issues to be determined.

Appellant is faced with another difficulty: that the objection made by counsel to the court's additional instruction was based only upon the assertion that the instruction was calculated to influence the jury and was therefore prejudicial. No mention was made in the objection that giving the instruction was not timely, nor was the question of timeliness called to the attention of the trial court.

■ Counsel for appellant further urges that the instruction should not have been given in the absence of a request from the jury for additional assistance. The record, as prepared by the court reporter, does not disclose any request having been made to the court for additional instructions. However, the instruction itself commences, "Gentlemen of the Jury: Upon your report that you are unable to agree * * *." This statement in the instruction would seem to us to completely dispose of counsel's urging that the trial court took the action it did without any request.

In any event, we do not believe that there was any abuse of discretion in the giving of the additional instruction. See Garcia v. Sanchez, 1961, 68 N.M. 394, 362 P.2d 779, a civil action in which we approved the giving of an additional instruction after the jury had been deliberating three hours and fifteen minutes.

The judgment will be affirmed. It is so ordered.

COMPTON, C. J., and NOBLE, J., concur.