## HARRIS LENFEST vs. JASON ROBBINS.

### Knox. Opinion February 20, 1906.

*Exceptions. Evidence. Punitive Damages Claimed. What May be Shown in Defense.*

To sustain exceptions they must contain within themselves sufficient to show that the excepting party was aggrieved.

When the purpose for which a question is asked on cross-examination is specifically stated at the trial, and it is not admissible for that purpose exceptions to its exclusion will not be sustained, notwithstanding it may have been admissible for another purpose not stated at the time.

When impeaching conduct of a witness is drawn out upon cross-examination, which is indicative of a deep-seated hostility and bias on his part against one of the parties, it is error to exclude all explanation of such conduct upon re-direct examination.

In an action for trespass to the person, when damages for the indignity or punitive damages are claimed, the provocation, conduct and acts of the parties, which give character and color to the transaction and are clearly and really a part of it, may be shown, though not transpiring at the precise moment of the assault.

*Shaw* v. *Prentiss*, 56 Maine, 427, approved.

On motion and exceptions by defendant. Motion not considered. Exceptions sustained.

Trespass for a personal assault alleged to have been committed by the defendant upon the plaintiff. Plea, the general issue with a brief statement that whatever the defendant did "he did in self defense." Verdict for plaintiff for $205.00. Defendant filed a general motion to have the verdict set aside, and also excepted to certain rulings made by the presiding Justice during the trial.

The case is stated in the opinion.

*L. M. Staples,* for plaintiff.

*M. A. Johnson,* for defendant.

SITTING: WISWELL, C. J., EMERY, WHITEHOUSE, POWERS, SPEAR, JJ.

POWERS, J. Trespass for personal assault. The plaintiff alleged that he had "suffered great agony of mind and humiliation to his feelings and had been held up to public ridicule by being struck." Defendant claimed at the trial that he had a right to show all the facts clearly and fairly connected with the assault; that he was not confined to the immediate moment of the assault, but should be permitted to show all the facts bearing upon the provocation, motives and conduct of both parties. The evidence is made part of the exceptions.

Upon cross examination the plaintiff was asked:

Q. You were convicted in this court, were you not, Mr. Lenfest?

A. I don't know. I was sent up to the high court.

Q. You had a trial in this court, did you not?

A. I guess so.

Q. I was county attorney, was I not?

A. I think likely.

Q. And weren't you found guilty by the jury at that time?

A. I don't know.

Q. The case that you were arrested on was a case for harrassing and annoying Frank Pullen, was it not?

A. I don't know.

Q.  The defendant in this case was a witness in that one against you, was he not?

A.  Who?

Q.  Jason Robbins?

A.  He stuck his nose into it.  He didn't know no more about it than a child unborn.

Q.  You have been ugly with him ever since, haven't you Mr. Lenfest?

A.  No sir.

Q.  Haven't you annoyed and harrassed Jason Robbins ever since that time down to this?

(Objected to.  Excluded.  Exceptions noted.)

The exceptions, including the printed case, do not show when the trial referred to took place.  The assault was on June 11, 1904. The case at bar was tried at the September term, 1905.  For aught that appears the whole period covered by the question was subsequent to the assault.  The conduct of the plaintiff, after the assault, could not be admissible upon the question of damages for the indignity or upon that of punitive damages.  It seems to have been assumed by counsel and the presiding justice in the colloquy that followed the exclusion of the question, that the inquiry related to a time prior to the assault.  Such assumption however is not sufficient.  To sustain exceptions they must contain within themselves sufficient to show that the excepting party was aggrieved.

The question was proper for the purpose of showing hostility and affecting the plaintiff's credibility as a witness.  Its admissibility however was not placed upon that ground.  In answer to a question from the court counsel stated that "the purpose of the present inquiry was to show the character of the man, that he had been annoying up to that time, and to show the object of his stopping Mr. Robbins at this particular time."  We will consider these grounds in their order:  1.  The plaintiff's character was not in issue.  2. As we have seen, it nowhere appears to what time the question related, and if to a time subsequent to the assault it had no tendency to prove that he had been annoying the defendant before that. Moreover, to state that the purpose of asking the plaintiff if he had

been harrassing and annoying the defendant, was to show that he had been annoying him, did not show upon what rule or principle the admissibility of the question was claimed. 3. There had been no evidence introduced that the plaintiff stopped the defendant and the question had no tendency to elicit any. On the contrary the defendant testified that he stopped his team himself, alighted from it, and first addressed the plaintiff. On no one of the grounds claimed at the trial does the case show the question to have been admissible. If it had been stated that it was for the purpose for showing bias, so as to direct the attention of the presiding justice to that principle of evidence, it would doubtless have been admitted. The defendant is confined upon exceptions to the grounds expressly stated at the trial or contained in his exceptions. *McKown* v. *Powers*, 86 Maine, 291. The case at bar is not one of an exception on general grounds to the exclusion of the question on cross-examination. Here the purposes of the question were specifically stated, both at the trial and in the exceptions, and the defendant is confined to them.

Exception is taken to the charge of the presiding justice. The jury was instructed that the conduct of the parties at the time of the assault, "not at some former time but at that time as a provocation, and as tending to lead to the result may be taken into account, upon the question of punitive damages and damages to injured sensibilities." In this state it is settled in *Shaw* v. *Prentiss*, 56 Maine, 427, that when damages for the indignity or punitive damages are claimed, in an action for trespass to the person, the provocation, conduct and acts of the parties, which give character and color to the transaction and are clearly and really a part of it, may be shown, though not transpiring at the precise moment of the assault. The doctrine is there repudiated that only acts or words of provocation done or uttered at the moment, or immediately connected in time with the infliction of the injury, can be given in evidence in mitigation of such damages. "Time is not the essence of the principle, but fairly established direct connection, as cause and effect."

The rule given at the trial would have been too narrow a one if there were in the case any evidence which would bring it within the principle of *Prentiss* v. *Shaw*. All such evidence was however

rigorously excluded at the trial. The only exclusions of testimony referred to in the bill of exceptions or to which exceptions were taken at the trial, were two. One of these we have already discussed, and the other remains to be considered.

On re-direct examination the defendant was asked:

Q.  You were asked if you had spoken to Mr. Lenfest during the last two years. I will ask the question, why didn't you speak to him?  (Objected to.)

MR. JOHNSON:  I think I have a right to show whether it was his fault or Mr. Lenfest's fault?

The COURT:  That raises another issue. It is sufficient that they were on bad terms. That is the main point on either side.

MR. JOHNSON:  I think I have a right to show it wasn't on my client's side.

The COURT:  I will exclude it.

Standing unexplained, the conduct of the defendant might indicate a long standing hostility on his part at the time of the assault. It matters not who was in fault. The first ground stated as the purpose of the question is not tenable. To show who was in fault would be in effect to concede the hostility and justify it. The second ground stated however, rests on a solid foundation. The defendant had the right to show that the "bad terms," hostility, was not on his side. He had a right to explain the circumstance, and show that his failure to speak to the plaintiff did not indicate a deep-seated hostility, such as would be likely to lead him to assault him or to influence his testimony and affect his credibility at the trial. Wigmore Ev. section 952, *Brooks* v. *Acton*, 117 Mass. 204. In *Williams* v. *Gilman*, 71 Maine, 21, it was held that a party could not upon cross examination introduce testimony of collateral facts and then object to an explanation of them. The fact that the defendant had not spoken to the plaintiff, for two years before the assault, was drawn out by the plaintiff. Its natural effect was to impeach his credibility and raise an inference of long continued hostility which might discredit his account of what took place at the time of the assault. He was entitled to give such explanation as he

could. In *State* v. *Reed,* 62 Maine, 129, a witness was permitted to testify what was his reason for giving contradictory testimony at a former trial, and it is there said that "to refuse an opportunity to explain would be in effect to condemn a party without a hearing." A party has as much right to explain his impeaching conduct as a witness has to explain his contradictory statements. The right is given in order that the jury may have the facts necessary to form a correct judgment as to the motive and credibility of the witness.

*Exceptions sustained.*