For the reasons stated, I dissent.

- - -

(No. 2282.   Feb. 2, 1920.)

## STATE v. EDMONDSON et al.

### SYLLABUS BY THE COURT.

1. A party cannot complain of errors committed by the trial court which, under no view of the case, could be prejudicial to such party.                                    P. 16

2.   It is not error on the part of the court to refuse to require the jury to inspect objects or articles not first shown to have some connection with the case on trial.          P. 18

3.   Where defendant, on cross-examination, seeks to discredit a state's witness by showing the fact which, unexplained, shows that such witness is biased against the defendant, it is not error to permit the state, on redirect examination, to explain such facts, where such explanation tends to show lack of interest or bias.          P. 19

Appeal from District Court, Chaves County; McClure, Judge.

Park Edmondson and Albert Daniels were convicted of larceny of neat cattle, and they appeal.   Affirmed.

O. O. ASKREN, of Roswell, for appellants.

It is proper that object to which testimony relates should be brought into the court room and exhibited when this can be done.

10 R. C. L. p. 991.

The appellants were prejudiced by the displayed impatience of the court.

State v. Clements, 15 Ore. 237.

Court may properly admonish counsel during trial of case but it is error for court to make unnecessary remarks which tend to prejudice the rights of the parties.

16 C. J. § 2097; State v. Parks, unreported; Grant v. State, 42 L. R. A. (N. S.) ; State v. Coella, 28 Pac. 28; State v. Phillips, 109 Pac. 1050.

It was error to permit a witness to detail controversy between witness and defendant.

Henderson v. State, 91 S. W. 570; Taylor v. Union Bank, 151 Pac. 144; McDuffie v. State, 49 S. E. 710; Strange v. Comm., 64 S. W. 981; Glass v. State, 147

Ala. 50; Butler v. State, 34 Ark. 484; Richardson v. Gage, 133 N. W. 693; Gainey v. State, 37 South. 355; Jones v. State, Ala. 76.

CARL H. GILBERT, of Santa Fe, Special Assistant Attorney General, for the State.

Acts of person, part of *res gestas*, are admissible.

10 R. C. L. 976; 5 Jones Evid. § 822.

If there was any error in remarks of court concerning counsel for appellants it was cured by the court's instruction to disregard statements during course of trial.

State v. Blancett, 24 N. M. 433.

As to extent one may go on re-direct examination, see 5 Jones Evid. § 828.

OPINION OF THE COURT.

ROBERTS, J.  The appellants, Park Edmondson and Albert Daniels were convicted in the district court of Chaves county of the crime of larceny of neat cattle, and they have appealed to this court.

[1]  The first ground upon which they rely for reversal is alleged error of the trial court in the admission of certain evidence.  Jake Phillips was a witness for the state, and testified on the stand that he had assisted the appellants in the commission of the crime for which they were being prosecuted.  It was brought out by the appellants' attorney on cross-examination that Phillips had been at the same term of court convicted of larceny on another indictment, having no relation whatever to the charge against the appellants; that he had had certain conversations with Mr. Dow, the district attorney, in regard to a recommendation by Mr. Dow for a suspended sentence in that case, and that Mr. Dow had told him that he would recommend such action on the part of the trial court.  Mr. Moses, the special attorney for the

Cattle Growers' Association, assisted in the prosecution of the appellants. On cross-examination counsel for appellants asked Phillips if he had not had a conversation with Mr. Moses the day before the trial, and the witness answered that he had. On redirect examination, the district attorney asked the witness what Mr. Moses said to him when he asked him to tell him about the case. This question was objected to, and the objection was overruled, but the question was not answered by the witness. The next question was: "Did he tell you to tell him the truth about this matter?" This was objected to, and the objection likewise overruled, and in answer to the question the witness said, "Yes, sir." The result was that the witness detailed before the jury the fact that Mr. Moses had asked him to tell him the truth. It was not brought out what he had told Mr. Moses. We fail to understand how this answer was prejudicial to appellants. It is fundamental, of course, that a party cannot complain of errors committed by the trial court which under no view of the case could be prejudicial to such party.

It is next argued that the court erred while appellant Daniels was testifying in refusing to permit said witness, with the court, jury, counsel, and stenographer, to retire just below the courtroom to examine certain hides, so that said witness could ascertain if any of said hides were hides taken from the cattle claimed to have been killed at the time of the alleged larceny by the appellants. The only foundation for the motion was the following:

"Q. These 12 hides from the cattle that were killed on the 6th and 7th of September, when they were brought to town, where were they placed, if you know?  A.  When they was brought to town?

"Q. Yes.  A.  They were put in my shed out at the house.

"Q. In Roswell?  A.  Yes, sir.

"Q. Where did you last see them?  A.  I haven't seen them hides only just mixed up with the others since they was brought in, they was mixed up with a whole lot of other hides.

"Q. Will you step down in the presence of the jury and examine some hides in the presence of the court, the jury, and counsel on both sides, and see if you can pick out any of these hides that were the hides of these steers killed on the 6th and 7th of September, 1917? A. Yes, sir.

"Mr. Askren: At this time we move the court that the jury and the court and counsel on each side, and the witness and stenographer retire just below this room and examine some hides for that purpose, and for the reason the hides are too voluminous to bring into the courtroom, too bulky and too many of them."

[2] It will be seen from the above that there was nothing before the court to show that the hides in question had anything to do with the case at bar, and it certainly was not an abuse of discretion for the court to refuse the motion until such connection had been established. Later on the court at the instance of the state had the hides brought before the jury.

The third contention is that the court erred in sustaining an objection to the following question asked of the appellant Daniels:

"What is the cause of your blackened condition now at this time. What is the cause of your appearance?"

The question on its face fails to show that it is in any way relevant to the issues in the case. Hence the objection was properly sustained.

The fourth assignment of error is without merit, and does not require consideration.

The fifth assignment is founded on permitting the witness Rector to answer the question:

"What do you find the condition of the hair on these 11 hides to be, long or short?"

Two objections were urged to this question: First, that the hides were the best evidence; and, second, that it called for a conclusion of the witness.

The second objection is not argued by appellants in their brief, and may be disposed of on the proposition that the witness had qualified as an expert on the subject.

The difficulty with the objection that the hides themselves were the best evidence is that the question did not call for a statement as to the length of the hair on the hides in question, measured by any known standards, such as inches or feet, but, as the course of the examination clearly shows, called for a statement as to whether the hair was long or short, as compared with that of cattle in general. The hides themselves could throw no light on that question without a fixing of the length of the hair on the general run of cattle, which was what was done by the witness when he stated that the hair was "long," i. e. longer than the general run of cattle at that season of the year.

The last error urged is based upon the following:

Rector, the sheriff of the county, testified as a witness for the state. On cross-examination, he was asked by counsel for appellants if he had not beaten up the appellant Daniels. He answered that he had. This was for the purpose, of course, of showing bias against the appellant Daniels. On redirect examination the state asked the witness why he had beaten up Daniels, and he answered that he was taking Daniels to jail, that he was in an intoxicated condition and resisted the sheriff, used vile language toward him, and that it was for this reason that he had administered the beating.

[3] The court was clearly right in permitting the witness, on redirect examination, to explain away the act brought out by the defendant on cross-examination which tended to show bias and prejudice against such defendant. Where defendant on cross-examination seeks to discredit a state's witness by showing a fact which, unexplained, shows that such witness is biased against the defendant, it is not error to permit the state, on redirect examination, to explain such fact, where such explanation tends to show lack of interest or bias. In Wigmore

on Evidence, § 952, the author in a very learned discussion sustains this proposition. Among other things he says:

"When to a witness is imputed hostility to the opponent, the true process of explanation consists in showing the facts offered do not really indicate the conclusion stated; that is, the hostility."

The above conclusion is amply supported by the authorities. Campbell v. State, 23 Ala. 44; McAlpine v. State, 117 Ala 93, 23 South. 130; Dennehy v. O'Connell, 66 Conn. 175, 33 Atl. 920; Brooks v. Action, 117 Mass. 204; People v. Johnson, 106 Cal. 289, 39 Pac. 622; Lenfest v. Robbins, 101 Me. 176, 63 Atl. 729; Sweeney v. Sweeney, 121 Ga. 293, 48 S. E. 984; Kipper v. State, 45 Tex. Cr. R. 377, 77 S. W. 611; Mercer v. State, 45 Tex. Cr. R. 460, 76 S. W. 469; Strong v. State, 85 Ark. 536, 109 S. W. 536, 14 Ann. Cas. 229. In 30 Am. & Eng. Ency. of Law, p. 1143, it said:

"A witness against whom evidence has been introduced tending to show bias in favor of the party calling him, or against the adverse party, may be supported by evidence in rebuttal which tends to disprove the fact."

Finding no error in the record, the judgment will be affirmed; and it is so ordered.

PARKER, C. J., and RAYNOLDS, J., concur.

### SYLLABUS BY THE COURT.

