396 P.2d 422

Cecil Alvin PECE, Petitioner,

v.

Harold A. COX, Warden, New Mexico State Penitentiary, Respondent.

No. 7750.

Supreme Court of New Mexico.

Nov. 2, 1964.

Myles E. Flint, Santa Fe, for petitioner.

Earl E. Hartley, Atty. Gen., Jay F. Rosenthal, Asst. Atty. Gen., Santa Fe, for respondent.

PER CURIAM.

The only new issue presented in this case and not passed upon in previous habeas corpus proceedings is related to whether petitioner's statement or confession introduced at his trial, had been ruled to have

been voluntarily given by the trial judge before it was admitted in evidence, or did the trial judge leave this issue to the jury.

■ Petitioner relies on Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977. However, we are impressed that the proper rule to be applied is that announced in Crooker v. California, 357 U.S. 433, 78 S.Ct. 1287, 2 L.Ed.2d 1448, distinguished in Escobedo, supra, on its facts. Here, petitioner had no attorney when the statement was given and claims that he had not been advised (contrary to what is clearly set forth in the form on which the confession was typed) that he did not have to make any statement at all, and that if he did make a statement it could be used against him on a trial. Also, when all the circumstances are weighed, not the least of which was the fact that a codefendant who was at the time represented by counsel also gave a statement which was admitted in evidence by the trial court after a foundation as to its voluntary character had been ruled on by the judge, just as was done in the case of petitioner, we are impressed that prejudice is not demonstrated. Crooker v. California, supra, is controlling.

Petitioner also argues that his constitutional rights were denied because the procedure followed for determining whether the confession was voluntary or involuntary was identical with that followed by the State of New York and held to deprive an accused of his constitutional rights in Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908.

■ Here, too, we must disagree with petitioner. It seems clear, as stated in Appendix A.I. to Justice Black's dissent in Jackson, supra, that this state does not follow the New York practice. We have examined our cases and so conclude. The procedure approved by this court is described in the mentioned appendix as the Wigmore or "Orthodox" rule. It more nearly conforms to the Massachusetts procedure approved in Jackson, supra, and requires a determination of voluntariness of a confession by the court before being submitted to the jury under proper instructions requiring it to consider any questions concerning whether or not it was voluntary, as well as the truth or weight to accord it. The clearest statement by this court we think is that made in State v. Martinez, 30 N.M. 178, 230 P. 379. See also, State v. Ascarate, 21 N.M. 191, 153 P. 1036. The later case of State v. Armijo, 64 N.M. 431, 329 P.2d 785, cites both of these cases, but relies heaviest on State v. Armijo, 18 N.M. 262, 135 P. 555. We see no intent on the part of the court in what was said in the most recent Armijo case to depart from the rule of Martinez.

■ Equally important is the fact that the evidence here presented shows clearly that the trial judge ruled that the confes-

sicn was voluntary before he submitted it to the jury. We would point out that after inquiry out of the presence of the jury and over objection of counsel, the court said, "All right. I'll admit the statements, gentlemen; but I'll also submit the statements to the jury by proper instruction, and let them determine the voluntary character."

In view of our decisions on the subject, cited above, and the statement by the court, we are satisfied that the court found the statement to be voluntary as a matter of law and then submitted it to the jury which was instructed to consider whether or not as a fact it was voluntary. As we understand Jackson, supra, to fully insure a reliable and clear-cut determination of the voluntariness of the confession, there must be a resolution of the disputed facts upon which the voluntariness issue depends. Here the trial court properly resolved the issue and no constitutional right was denied the petitioner.

The other claims of denial of constitutional rights are the same as those passed on in Sander v. Cox, 74 N.M. 525, 395 P.2d 353, and are without merit.

It follows that the writ should be quashed, and petitioner remanded to the custody of the respondent.

It is so ordered.