407 P.2d 874

**The STATE of New Mexico, Plaintiff-Appellee,**

**v.**

**William MASE, Defendant-Appellant.**

**No. 7815.**

Supreme Court of New Mexico.

Nov. 15, 1965.

Hart & Brockman, Tucumcari, for appellant.

Boston E. Witt, Atty. Gen., Roy G. Hill, Frank Bachicha, Jr., Asst. Attys. Gen., Santa Fe, for appellee.

CHAVEZ, Justice.

This appeal arises from a judgment pursuant to a jury verdict in the district court finding the defendant William Mase guilty of the crime of aggravated sodomy upon a minor under the age of thirteen years, contrary to § 40A–9–7, N.M.S.A., 1953 Comp.

During the course of the trial the confession of defendant was introduced in evidence over defendant's objection, that the confession was not a voluntary statement and was, therefore, inadmissible. The jury subsequently found defendant guilty and he was sentenced to confinement for not less than 10 nor more than 50 years.

This case was instituted after a complaint had been made by the minor child in question, that a man had committed sodomy upon him in the area of Tucumcari Lake at the east edge of Tucumcari. Later that same day defendant was found fishing on that lake and was taken into custody, after the minor child in question identified defendant as the person who assaulted him. On the evening of that day defendant signed a statement confessing the crime in question, which confession, he maintained during his trial, was made only under duress.

Later in the evening of the day of the alleged act, the minor child was examined by Dr. Jess Wallace, who testified at the trial that, in his opinion, there had been a penetration into the boy's anus. The minor child testified as to the assault, as well as to the pain experienced by him as a result of defendant's action.

Appellant's first point is that appellant was denied a fair trial by the court in admitting into evidence, over his objections, an involuntary confession, thereby convicting him without due process of law. Appellant argues that the confession was involuntary because (1) appellant confessed only after he was threatened by one of the investigating officers; and (2) appellant knew he was on probation and that he would be sent to jail and, as a result, his own despair contributed to or made his confession involuntary. Appellant further contends that the confession was inadmissible because the State failed to make a prima facie showing that appellant voluntarily confessed. As to this latter contention, we believe that, in view of the testimony of Officers Mitchell and Saunders, the State made a prima facie showing that the confession was voluntarily given. The trial court did not err in admitting the confession in evidence after the officers' testimony. We find nothing in State v. Turnbow, 67 N.M. 241, 354 P.2d 533, 89 A.L.R.2d 461, and State v. Armijo, 64 N.M. 431, 329 P.2d 785, which is contrary to our view

herein expressed. See also, Pece v. Cox, 74 N.M. 591, 396 P.2d 422.

The officers testified that the confession was voluntarily given after appellant had been warned fully as to his rights, and that it was not obtained through fear, coercion, hope, or promise of reward, or other improper inducement. After hearing this testimony, and appellant's testimony that he confessed under duress, the trial court decided that the purported confession should be admitted and the jury instructed in connection therewith. We see no reason to disagree with this decision by the trial court. The proper procedure in this regard was recently discussed by us in Pece v. Cox, supra.

Further, the fact that appellant was despondent because he was faced with a prison term as a probation violator and was, therefore, susceptible to coercion by the officers, is certainly no reason to declare the confession involuntary. Mr. Justice Frankfurter aptly described this situation in Culombe v. Connecticut, 367 U.S. 568, 81 S.Ct. 1860, 6 L.Ed.2d 1037:

"However, a confession made by a person in custody is not always the result of an overborne will. The police may be midwife to a declaration naturally born of remorse, or relief, or desperation, or calculation. * * *

"* * * *

"* * * Determination of what happened requires assessments of the relative credibility of witnesses whose stories, in cases involving claims of coercion, are frequently, if indeed not almost invariably, contradictory. That ascertainment belongs to the trier of facts before whom those witnesses actually appear, * * *."

Here the jury was fully and properly instructed on the question of the voluntariness of the confession and there were no objections to the instructions. Jurors have the right and duty to determine the credibility and to believe, in a particular case, the testimony of a law enforcement officer over that of a defendant. Chavez v. United States, (10 CCA 1958), 258 F.2d 816, cert. den'd 359 U.S. 916, 79 S.Ct. 592, 3 L.Ed.2d 577.

On redirect examination of appellant, his attorney sought to elicit information regarding appellant's prior conviction. An objection to this information was sustained and a tender of proof was made outside the presence of the jury. This tender of proof showed only appellant's prior conviction, his probation, and his awareness of the probation when he signed the confession. Neither the tender of evidence nor the testimony of Officer Mitchell, as to appellant's probation, shows any mental distress of appellant. We are convinced that the evidence tendered by appellant

and refused by the trial court could not have reasonably influenced a different decision by the jury. A party cannot complain of errors committed by the trial court which, under no view of the case, could be prejudicial to such party. State v. Edmondson, 26 N.M. 14, 188 P. 1099.

The only other point raised by appellant goes to the sufficiency of the evidence showing penetration. We have examined the transcript and find ample evidence of penetration so that such question was properly considered by the jury.

The judgment is affirmed. It is so ordered.

NOBLE and MOISE, JJ., concur.