**Otto THOMPSON, Appellant,**

v.

**Harold A. COX, Warden New Mexico State Penitentiary, Appellee.**

**No. 8255.**

United States Court of Appeals Tenth Circuit.

Nov. 15, 1965.

George E. Johnson, Denver, Colo., for appellant.

L. D. Harris, Sp. Asst. Atty. Gen. (Boston E. Witt, Atty. Gen., with him on the brief), for appellee.

Before MURRAH, Chief Judge, and PICKETT and LEWIS, Circuit Judges.

DAVID T. LEWIS, Circuit Judge.

This appeal is taken from an order of the District Court for the District of New Mexico denying, after a full evidentiary hearing, petitioner's application for a writ of habeas corpus. Appellant is presently confined in the New Mexico State Penitentiary pursuant to a life sentence imposed by the state court after a trial to jury resulting in a verdict of guilty to the crime of murder. The sen-

tence was imposed in 1952. Appellant asserts that his conviction was premised upon a confession admitted during the trial which was involuntary as a matter of law. The district court found that the confession was voluntary as a matter of fact.

On December 25, 1951, appellant walked into the police station at Artesia, New Mexico, and stated that he had shot and killed a man. At such time he was intoxicated and was immediately arrested as drunk and disorderly. On December 26, he was taken before a justice of the peace and received a sentence of six days. Upon being questioned as to his statement concerning the killing, appellant retracted but agreed to submit to a lie detector test. The test was immediately given and was followed on December 27 by an interrogation of appellant after injections of sodium pentothal. On December 28, appellant confessed in detail to participation with others in a robbery during the course of which a Mexican National was killed by a co-participant. At the time of his confession appellant was without counsel. There is no evidence that he was affirmatively denied such right. Compare Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977. He was represented by competent counsel at all stages of his actual trial.

██ At the evidentiary hearing before the court below, appellant's principal contention was that he was coerced into submission to injections of sodium pentothal on December 27 and was still under the influence of the drug on December 28, the date of his confession. The trial court fully explored both factual contentions and specifically found that appellant had voluntarily submitted to the medication and that the effect of the drug had dissipated by December 28. The findings are amply supported by lay and medical testimony. Upon appeal, emphasis is shifted to the claim that the "unorthodox" procedures of the state authorities when considered under the totality of the circumstances constitutes denial to appellant of a federal constitutional right. We agree with appellant to the extent that the recited procedures dictate appellant's right to a "fair hearing in which both the underlying factual issues and the voluntariness of his confession are actually and reliably determined." Jackson v. Denno, 378 U.S. 368, 380, 84 S.Ct. 1774, 1783, 12 L.Ed.2d 908. Appellant was afforded such a hearing. We do not agree that the unorthodox procedures preceding appellant's confession require a finding of involuntariness.

██ Although appellant's own unsolicited statement that he had killed a man initiated police interrogation, there can be no doubt but that the accusatory process was existent prior to and at the time appellant confessed. State authority was then aware that a Mexican National had been killed during a robbery and the interrogations were directed to a particular crime and person. Appellant, though not then charged, had a right to counsel. Escobedo v. State of Illinois, supra. But the existence of such right does not constitutionally block an accused from acting or speaking voluntarily,[1] and, indeed the innocent are often well served by aiding the investigative process through voluntary cooperation. In the case at bar there is no evidence as to what, if any, information the state authorities gained from the lie detector test or the interrogation of appellant while under medication. And there is no evidence that any such information, favorable or unfavorable to appellant, was used as a tool to influence appellant's final decision to tell of his participation in the crime. Appellant, faced with his original self-accusation, chose to attempt to back up his refutation by submitting to these tests. And although this court will give no judicial comfort to such controversial procedures in the investigation of crime we hold, as did the trial court, that an accused's voluntary submission to such tests is a circumstance probing,

1. This court had repeatedly so held. See Shultz v. United States, 10 Cir., 351 F. 2d 287, decided Oct. 11, 1965, and cases cited.

but not invalidating as a matter of law, the voluntariness of a subsequent confession. The finding of the trial court that appellant's confession was voluntary in fact is not clearly erroneous and such confession was not involuntary as a matter of law.

Affirmed.