412 P.2d 256

STATE of New Mexico, Plaintiff-Appellee,

v.

Walter Joseph GAMMONS, Defendant-Appellant.

No. 7947.

Supreme Court of New Mexico.

March 14, 1966.

Malcolm L. Shaw, Hobbs, for appellant.

Boston E. Witt, Atty. Gen., Wayne C. Wolf, Gary O'Dowd, Asst. Attys. Gen., Santa Fe, for appellee.

COMPTON, Justice.

The defendant was convicted of the crime of armed robbery in violation of § 40A–16–2 of the Criminal Code of 1963, N.M.S.A., 1953 Comp. He appeals from the judgment imposing sentence on the ground he was denied due process in that a confession elicited from him during interrogation by an assistant district attorney when he was without counsel was admitted into evidence over objection.

The specific crime charged was armed robbery of a Safeway supermarket on July 22, 1963, in Hobbs, New Mexico. The next morning the defendant was taken into custody by a deputy sheriff and interrogated at the police station by the chief of police, an agent of the Federal Bureau of Investigation, an undersheriff and another police officer. That afternoon he was taken to the office of an assistant district attorney, at the latter's request, where a statement consisting of questions by the assistant district attorney and responses by the defendant were taken by a stenographer in the presence of a deputy sheriff. It is the admission into evidence of the transcribed statement, in which the defendant admitted his guilt, that is challenged on this appeal.

Preceding the trial, a hearing was conducted by the court to determine the admissibility of the statement. The court found that the defendant had been thoroughly and completely advised of his rights and that the statement was freely and voluntarily made by him, that it was made without coercion and was, therefore, admissible.

The real issues here are whether the defendant was timely advised of his rights to counsel and to remain silent and, if so, whether he effectively waived those rights.

We are in full accord with the rule that a confession obtained from a de-

fendant is inadmissible in evidence against him "where * * * the investigation is no longer a general inquiry into an unsolved crime but has begun to focus on a particular suspect, the suspect has been taken into police custody, the police carry out a process of interrogations that lends itself to eliciting incriminating statements, the suspect has requested and been denied an opportunity to consult with his lawyer, and the police have not effectively warned him of his absolute constitutional right to remain silent, the accused has been denied 'the Assistance of Counsel' in violation of the Sixth Amendment to the Constitution as 'made obligatory upon the States by the Fourteenth Amendment,' Gideon v. Wainwright, 372 U.S. [335], at 342, 83 S.Ct. [792], at 795 [9 L.Ed.2d 799], and that no statement elecited by the police during the interrogation may be used against him at a criminal trial." Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977. See also, Massiah v. United States, 377 U.S. 201, 84 S.Ct. 1199, 12 L. Ed.2d 246; Carnley v. Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70. While none of the above cases are applicable here on the facts, all of them recognize that the right to counsel or to remain silent may be intelligently and knowingly waived, and we so stated in Pece v. Cox, 74 N.M. 591, 396 P.2d 422.

However, the record in the present case is not silent, and its review leads us to the correctness of the ruling of the trial court. The statement taken by the assistant district attorney commences as follows:

"BY MR. LOVE: What is your name?

A. Walter Joseph Gammons.

Q. How old are you?

A. 24.

Q. Mr. Gammons, I am Jack Love, the Assistant District Attorney, and this is Dorothy Hoggatt, the stenographer, and Mr. Harvey Stanbrough, Deputy Sheriff. Now, Mr. Stanbrough has not talked to you before, has he?

A. No, sir.

Q. And I haven't talked to you before?

A. No, sir.

Q. I want to advise you of your rights. We are investigating this armed robbery and you are entitled to a lawyer. You don't have to say anything to me at all and anything you say can be used against you. Do you understand that?

A. Yes, sir."

Thereafter the statement continues with the defendant's denial that he had been threatened in any manner or promised leniency of any kind if he would·confess; his admission of guilt; and a recital of the events surrounding the robbery.

It is clear, contrary to the defendant's position, that he was specifically advised of his rights by the assistant district attorney prior to the latter's interrogation of him relating directly to the robbery. We note also that the defendant was not inexperienced in these matters and testified at the trial that when he was first questioned by the police he knew that he did not have to say anything.

This case more nearly falls within the facts and ruling in Pece v. Cox, supra. Also in this connection see Thompson v. Cox, U.S.C.A. 10th Cir., 352 F.2d 488; United States v. State of New Jersey, U.S.C.A. 3rd Cir., 351 F.2d 429; People v. Grubb, Cal., 47 Cal.Rptr. 772, 408 P.2d 100; and State v. Neely, 239 Or. 487, 395 P.2d 557, 398 P.2d 482.

The defendant contends further that the record is silent as to waiver since the trial court found only that he had been fully advised of his rights but did not find that these rights had been waived. This contention is without merit. In the absence of evidence that the defendant was inexperienced, illiterate or otherwise not of normal intelligence, the only logical conclusion to be reached by the trial court, and by this court, is that the defendant was fully aware of his rights to counsel and to remain silent, and that he knowingly and intelligently waived those rights. Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461.

The judgment is affirmed. It is so ordered.

CHAVEZ and MOISE, JJ., concur.