435 P.2d 768

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Joe E. SNEED, Defendant-Appellant.**

**No. 8376.**

Supreme Court of New Mexico.

Dec. 29, 1967.

J. Wayne Woodbury, Silver City, for appellant.

Boston E. Witt, Atty. Gen., Gary O'Dowd, Asst. Atty. Gen., Santa Fe, for appellee.

## 616

### OPINION

NOBLE, Justice.

We reversed Joe E. Sneed's conviction of first-degree murder and remanded the case for a new trial. State v. Sneed, 76 N.M. 349, 414 P.2d 858. He was retried and again convicted of murder in the first degree and has appealed.

On the morning of August 18, 1964, Sneed reported to the police that he had arrived at the home of his father and mother and found them both shot to death. While he was being interrogated that morning at police headquarters, he became concerned about his automobile which he had left at his parents' home and was told by a police officer that the car would be brought to the police station. He gave the officers his car keys, following which a search was made of the car. They found a receipt of Holiday Inn at Yuma, Arizona, for a room rented to a "Robt. Crosset," and a Las Cruces Surplus City Store sales slip for a 55-cent purchase. Prior to the first trial, Sneed moved to suppress these items as evidence because of the failure of the police to first obtain a search warrant. Conflicting testimony was presented to the court on the motion to suppress this evidence which is incorporated in the record now before us. No new or additional evidence was submitted respecting the motion to suppress after the case was remanded. This question was presented and resolved by us in State v. Sneed, supra, where we decided against the defendant's claim that the trial court erred in denying the motion to suppress. That decision is the law of this case on this appeal. State ex rel. Del Curto v. District Court, 51 N.M. 297, 183 P.2d 607; Sanchez v. Torres, 38 N.M. 556, 37 P.2d 805; De Palma v. Weinman, 15 N.M. 68, 103 P. 782, 24 L.R.A.,N.S., 423.

Relying principally on Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, 10 A.L.R.3d 974, defendant argues that his privilege against self-incrimination was violated because of the failure of police officers to advise him of his right to remain silent and of his right to consult an attorney before answering questions of the officers. Our examination of the record in this case convinces us that it does not bear out defendant's contention. In the first place, there is substantial evidence in this record that the officers advised Sneed at the outset of his interrogation that he was not required to make any statement; that anything he said might be used against him; and that he had the right to consult an attorney. With respect to his being advised of his right to an attorney, the defendant replied: "I don't see why I should have an attorney, because I don't have anything to hide. I am trying to help you in any way I can."

Our review of the record convinces us that all statements or answers of the defendant to questions were freely and voluntarily made. No circumstance surrounding the interrogation of Sneed has been called to our attention, nor has our review of the record disclosed any, which would appear to have operated to overbear his will or make any statement or answer involuntary, nor was it a "custodial interrogation." Commonwealth v. O'Toole, 351 Mass. 627, 223 N.E.2d 87. His privilege to refuse to answer, to remain silent, or to have had counsel present remained throughout the interrogation. Our review of this record makes it clear to us that this defendant did not make a confession of guilt nor any incriminating statements. The defendant testified to the same facts he told the officers in his interrogation. Certainly, he cannot complain of any acts by the officers which did not result in prejudice to him. Since defendant's statement to police officers contained no incriminating admissions and was substantially the same as his testimony in the trial of his case, its admission in evidence was not prejudicial to him and did not constitute error requiring a reversal. See State v. Mase, 75 N.M. 542, 407 P.2d 874; State v. Elledge, 78 N.M. 157, 429 P.2d 355.

■ During defendant's interrogation, he was asked for and gave a specimen of his handwriting and, in fact, copied the Gettysburg Address. These specimens were admitted in evidence over objection for comparison with other handwriting. He was not told that these specimens would be used in the investigation, nor was he, at the time, advised of his right to consult an attorney before giving the exemplars. This court recently held against the contention that the taking of handwriting exemplars from one in custody violated his Fifth-Amendment privilege against self-incrimination. State v. Hudman, 78 N.M. 370, 431 P.2d 748. Compare State v. Renner, 34 N.M. 154, 279 P. 66. Defendant's contention was definitely laid at rest by Gilbert v. State of California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178, where the court said:

"A mere handwriting exemplar, in contrast to the content of what is written, like the voice or body itself, is an identifying physical characteristic outside its protection. United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149. * * *"

No claim is made here that the content of the writing was testimonial or communicative matter. The United States Supreme Court in Gilbert likewise held that the taking of handwriting exemplars is not a "critical" stage of the criminal proceedings entitling the accused to the assistance of counsel.

■ Defendant was convicted of first-degree murder with a recommendation of clemency at the former trial, and punishment was fixed at life imprisonment. Sec. 40A–29–2, N.M.S.A.1953. The second trial after our remand resulted in the same verdict. Even though no objection was made to an instruction charging the jury that they could find the defendant guilty of murder in the first degree and might or might not recommend clemency, the question of whether this constituted double jeopardy may nevertheless be raised for the first time on appeal. Sec. 40A–1–10, N.M.S.A.1953. However, defendant's assertion that this constituted double jeopardy is without merit. In State v. Nance, 77 N.M. 39, 419 P.2d 242, this court said:

"The former jeopardy clause of the constitution does not preclude a retrial of a defendant whose sentence is set aside because of an error in the proceedings leading to the sentence or conviction. * * *"

■■ This is not a situation where the defendant was acquitted of a crime or a greater degree of the crime at a prior trial. See § 40A–1–10, N.M.S.A.1953; New Mexico Constitution, art. II, § 15. An accused is estopped to plead the bar of a prior conviction in a second trial where the judgment and sentence have been reversed on appeal. The constitutional protection against double jeopardy does not prevent a second trial for the same offense when the defendant himself, by an appeal, has invoked the action which resulted in the second trial. State v. Nance, 77 N.M. 39, 44, 419 P.2d 242, 244; State of Louisiana ex rel. Francis v. Resweber, 329 U.S. 459, 67 S.Ct. 374, 91 L.Ed. 422; Green v. United States, 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199, 61 A.L.R.2d 1119; Hicks v. Commonwealth, 345 Mass. 89, 185 N.E.2d 739. See also Annot., 61 A.L. R.2d 1141. We do not reach the question of whether an increased penalty could have been imposed; in this case the defendant received identical sentences in both trials.

Rule 92 (§ 21–1–1(92) (1), N.M.S.A. 1953) requires the trial court to appoint counsel to represent an indigent defendant on appeal, and payment for such services should be made by the trial court.

Finding no error, the judgment and sentence appealed from should be affirmed.

It is so ordered.

CHAVEZ, C. J., MOISE and CARMODY, JJ., and SPIESS, C. J., Court of Appeals, concur.