442 P.2d 575

**STATE of New Mexico, Plaintiff-Appellee,**
**v.**
**Santos SOLIZ, Defendant-Appellant.**
**No. 8248.**

Supreme Court of New Mexico.
June 10, 1968.
Rehearing Denied July 11, 1968.

———◆———

Chester A. Hunker, Clovis, Tom Up-church, Jr., Amarillo, Tex., for defendant-appellant.

Boston E. Witt, Atty. Gen., Tom Overstreet, Asst. Atty. Gen., for plaintiff-appellee.

## OPINION

CARMODY, Justice.

Defendant was convicted of the "unlawful sale of narcotic drugs." He was originally charged in a two-count information, but the first count was dismissed and defendant was convicted on the second count, following which he was sentenced to a term in the penitentiary, and he now appeals.

Defendant's claims of error relate to the sentence imposed, an error in the judgment, and two points concerning the admission in evidence of an oral confession purportedly made by the defendant.

We will first dispose of the claimed errors with respect to the confession. The facts with respect thereto are: The defendant was arrested several days after he had been observed effecting a sale of narcotic drugs. The arresting officer testified that at the time the warrant was served defendant was advised of his right to counsel; that any statement he might make could be used against him; and that he was not required to make any statement. Defendant was then immediately taken to the police office and again, according to the arresting officer, advised of the rights above stated and, in addition, that "no promises or threats were to be made against him if he made any such statement." The officer also testified that defendant did not request counsel, nor did he take advantage of the offer to use the telephone. The officer then testified that, following a relatively brief questioning, defendant admitted certain narcotic activities and specifically admitted making the sale on the date upon which the conviction was based. The testimony of this officer was elicited upon the State's presentation of its case, and no objection of any type was made. Thereafter, in the process of submitting his defense, the defendant testified that he had admitted making the sale in question, but denied that he had actually made such sale. He explained he made the statement only because the officer told him that he would hold defendant and his two small boys until he had answered all questions, and that he could not have an attorney until after he had done so.

All of the above occurred in the presence of the jury, and it was not until during the presentation of rebuttal testimony by the State that anything occurred to alert the trial court that there might be any necessity for an independent hearing of the voluntariness of the confession.

The rebuttal testimony was an attempt to elicit from another police officer the substance of the conversation at the police station. The following occurred:

"Q What was the essence of his statement?

A During the course of the interview, he admitted the sale.

MR. HUNKER [Attorney for defendant]:

We object to what the defendant said on the basis of the fact there is some evidence now of the fact the statement was made not a voluntary statement by either force or coercion.

THE COURT: Objection sustained unless you want me to hear the question without the jury.

MR. STAGNER [District Attorney]: We will pass that question up, Your Honor."

Other than the above exchange and the trial court's subsequent instruction directing the jury to disregard the defendant's statement if they found the same to be involuntary, the record is silent as to any specific announcement by the trial court on the issue of voluntariness of the confession.

Although defendant places great reliance on State v. Martinez, 30 N.M. 178, 230 P. 379 (1924), we do not agree that the case is in point, although we reaffirm the decision; but nevertheless, in Martinez, proper objection was made.

The instant case is similar to Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L. Ed.2d 908, 1 A.L.R.3d 1205 (1964). In that case, the Supreme Court of the United States held the defendant entitled to an evidentiary hearing by the trial judge to determine voluntariness and remanded the case to the trial court for a determination as to whether the confession was voluntarily given, and if found to be involuntary, directed a new trial be granted. One of the differences between the instant case and Jackson, as we see it, is that the proof showed the Jackson confession was obtained following the injection of demerol and the trial court indicated an awareness that Jackson's counsel was questioning the circumstances under which the interrogation took place. As shown in Footnote 4 in the Jackson case, it is apparent the trial court was fully alerted to the fact that the defendant contended the confession did not have the weight the law requires. Thus the Supreme Court was of the opinion that the trial judge, under the circumstances, should have considered an objection to have been made and therefore ordered a hearing on the voluntariness of the confession. As a matter of fact, the opinion of the court in Jackson makes it implicit that an objection must be made; the court stated, "A defendant objecting to the admission of a confession is entitled to a fair hearing in which both the underlying factual issues and the voluntariness of his confession are actually and reliably determined."

The instant case is distinguishable from Jackson in that no question of voluntariness was raised at the time of the admission of the confession, no suggestion was made during the presentation of the defendant's case that an independent hearing should be allowed by the court, and, actually, the court was not alerted to the problem until the time of the exchange above quoted. Even then the offer made by the court was not accepted by the defendant. It is granted the defendant has the right to such a determination; but we do not believe a defendant can sit idly by and fail to accept an offer by the court for such a hearing and subsequently predicate error on the fact that he did not receive such a hearing; cf., State v. Upton, 60 N. M. 205, 290 P.2d 440 (1955); State v. Edwards, 54 N.M. 189, 217 P.2d 854 (1950); nor do we believe that Jackson v. Denno, supra, requires this.

We have felt it necessary to consider and distinguish Jackson v. Denno, because, until recently, it was considered to be the final word on the subject. However, our attention is now directed to Pinto v. Pierce, 389 U.S. 31, 88 S.Ct. 192, 19 L.Ed. 2d 31 (1967), wherein the Court reversed the grant of a writ of habeas corpus by a United States district court which had basically relied upon Jackson. United States ex rel. Pierce v. Pinto, 259 F.Supp. 729 (D.N.J.1966), aff'd 374 F.2d 472 (3d Cir. 1967). The facts of Pinto are very close to those before us, with the one relatively minor exception that counsel for the defendant specifically stated he had no objection to the voluntariness hearing in the presence of the jury. In any event, the Supreme Court of the United States stated the following:

"* * * This Court has never ruled that all voluntariness hearings must be held outside the presence of the jury, regardless of the circumstances. Jackson

v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964), held that a defendant's constitutional rights are violated when his challenged confession is introduced without a determination by the trial judge of its voluntariness after an adequate hearing. A confession by the defendant found to be involuntary by the trial judge is not to be heard by the jury which determines his guilt or innocence. Hence, because a disputed confession may be found involuntary and inadmissible by the judge, it would seem prudent to hold voluntariness hearings outside the presence of the jury. In this case, however, the confession was held voluntary and admitted as evidence suitable for consideration by the jury. In addition, there is no claim that because the hearing was held in the presence of the jury it was inadequate or had any other unfair consequences for the respondent."

◼ In Pece v. Cox, 74 N.M. 591, 396 P.2d 422 (1964), we pointed out that New Mexico follows the so-called "Massachusetts" rule mentioned in Jackson. See, also, State v. Ortega, 77 N.M. 7, 419 P.2d 219 (1966); State v. Gammons, 76 N.M. 85, 412 P.2d 256 (1966); and State v. Mase, 75 N.M. 542, 407 P.2d 874 (1965). Therefore, it is necessary that a determination be made by the court respecting the voluntariness of a confession, and we reiterate the admonition in Pinto that "it would seem prudent to hold voluntariness hearings outside the presence of the jury." Although there is lacking in this case a specific announcement by the court, when the total circumstances as shown by the record are considered, we are of the opinion that the trial court made such a determination. It is implicit in the court's offer above noted, together with the subsequent instruction to the jury that they should disregard the statements if they determined it to be involuntary, that the necessary determination was made. Obviously, such an instruction would not have been given if the court had the slightest question of the voluntariness of the confession. It follows

that "it is clearly evident from the record" that the trial court "fully and independently" resolved the issue of voluntariness against the defendant. Cf., Mitchell v. Stephens, 232 F.Supp. 497 (E.D.Ark.1964). In our judgment, there was no violation of the defendant's rights under the Fifth and Fourteenth Amendments to the United States Constitution.

◼ As an additional point, but also involving the confession, it is claimed that allowing the confession in evidence was error because it was apparent that defendant was not provided with counsel, in violation of his right to due process of law. Admittedly, the right to counsel may be waived. Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938); State v. Gammons, supra; and Pece v. Cox, supra. Here, the evidence is conflicting as to the waiver of right of counsel, but the confession was received in evidence without objection. No motion was made to strike the evidence, nor to invoke the ruling of the court on this subject in any manner. Thus, the contention not having been presented in the trial court, it is not subject to consideration on appeal. State v. Layton, 32 N.M. 188, 252 P. 997 (1927). See, also, State v. Tipton, 73 N.M. 24, 385 P.2d 355 (1963); State v. Lott, 73 N.M. 280, 387 P.2d 855 (1963); and City of Portales v. Shiplett, 67 N.M. 308, 355 P.2d 126 (1960). Exceptions to this rule are questions of jurisdiction and fundamental error which are not present here.

◼◼ The rule enunciated in Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), is not applicable, as the case was tried before the above decision. What we have said disposes of the basic argument submitted by the defendant, but there is error in the record which requires a remand for further proceedings. On cross-examination of the defendant during the trial, he stated that he had been convicted of possession of marijuana in the State of Texas. As a result of this statement, and without any formal proceedings having been filed against him

as a subsequent offender, the court sentenced him as a second offender to not less than five nor more than twenty years in the New Mexico State Penitentiary. The second-offender sentence was imposed solely upon the defendant's admission of the prior conviction. Not having been informed against nor accorded a trial upon this charge, it is obvious the sentence imposed is erroneous. State v. Rhodes, 76 N.M. 177, 413 P.2d 214 (1966).

 The defendant also claims that the judgment was void because it erroneously recited that he had been convicted as charged in count 1 of the information instead of count 2 as specified in the verdict.

Although the defendant argues he is entitled to a new trial by reason of this error, we do not believe this is warranted. The error in the judgment obviously is a result of inadvertence and is subject to amendment to conform with the verdict. Cf., Poyner v. State, 81 Fla. 726, 88 So. 762 (1921); and compare De Baca v. Sais, 44 N.M. 105, 99 P.2d 106 (1940); and Borrego v. Territory, 8 N.M. 446, 46 P. 349 (1896). The judgment can be corrected upon remand, which, if course, is necessary in order that a proper sentence be imposed.

The conviction is affirmed, but the cause is remanded with direction to set aside the judgment and sentence, in order to properly sentence the defendant in compliance with the appropriate statute and to correct the judgment in conformity with the verdict. It is so ordered.

CHAVEZ, C. J., and NOBLE and COMPTON, JJ., concur.

SPIESS, Chief Judge (concurring in part, dissenting in part).

I concur in the view expressed by the majority that the trial court erred in imposing a second offender sentence upon defendant. I further agree with the majority that the judgment rendered by the trial court is subject to correction to the end that it conform with the verdict and that a remand for such a purpose is proper.

I, however, see no material distinction between the facts in this case and those before the court in Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964). Consequently, in my opinion the Jackson-Denno rule is applicable in the present case and the defendant should be accorded a Jackson-Denno hearing, upon the voluntariness of his confession.

In *Jackson* as in the present case a confession was admitted into evidence without objection. Neither demand nor suggestion was made by defendant's counsel for a preliminary hearing upon the voluntariness of the confession. In both Jackson and this case the presence of an issue relating to voluntariness of the confession first appeared in the trial upon the direct examination of the defendant, after the prosecution had rested its case. In both Jackson and the present case the issue further appeared upon cross-examination of a rebuttal witness called by the prosecution to counteract the defendant's assertion as to the voluntariness of the confession.

While the trial courts in both Jackson and the present case doubtless were aware that there was some question concerning the circumstances under which defendant's testimony was given, the indication is that in each case the courts became aware of the actual issue of voluntariness at the time of cross-examination of the rebuttal witness. In each case the trial court submitted the issue to the jury by substantially similar instructions.

The following statement contained in the majority opinion to my mind is not supported by the language in Jackson, nor the record in the present case. "The instant case is distinguishable from *Jackson* in that no question of voluntariness was raised at the time of the admission of the confession, no suggestion was made during the presentation of the defendant's case that an independent hearing should be al-

lowed by the court, and, actually, the court was not alerted to the problem until the time of the exchange above quoted." (Cross-examination of the rebuttal witness).

In the Jackson-Denno opinion at page 372 of 378 U.S., at page 1778 of 84 S.Ct., the following appears. "The statements made by Jackson, both at 2 and 3:55 A.M., were introduced in evidence without objection by Jackson's counsel." If, as stated by the majority a question of voluntariness was raised in *Jackson* at the time of the admission of the confession such question was clearly not in the form of an objection, nor does any other language contained in the Jackson-Denno opinion indicate that such a question was raised at the time of the admission of the statement into evidence.

It is clear from the opinion in *Jackson* page 374 of 378 U.S., 84 S.Ct. 1774, that voluntariness of the confession was questioned by defendant's counsel at the time of the cross-examination of the rebuttal witness. It is equally clear that in *Jackson* a preliminary hearing was not suggested during the presentation of defendant's case.

Testimony that defendant had received injections of demerol and other drugs alerted the trial court to the presence of an issue regarding the voluntariness of defendant's confession in *Jackson*.

Likewise, the trial judge in this case was or should have been "alerted to the problem" after defendant testified that he had admitted making the sale only because the officer told him that he would hold defendant and his two small boys until he had answered all questions. I do not understand how the majority could find that an injection of demerol is sufficient to alert the trial judge to a problem in *Jackson* but that a threat to hold defendant and his two small boys is not sufficient to alert the trial judge in this case.

The result of what the majority suggest would make a criminal defendant's rights subject to what *actually does* alert the trial judge rather than what *should have* alerted the trial judge to an issue of voluntariness.

The majority suggest that the court offered defendant a preliminary hearing upon the issue of voluntariness which was refused. The indication to my mind is that the hearing was offered the prosecution and not to the defendant and the prosecution declined the same.

The majority further indicate that the procedure followed by the trial court accords with the Massachusetts procedure approved in Jackson v. Denno, basing their conclusion on "implicit" findings of voluntariness by the trial court. I think the procedure approved in this opinion is subject to the very pitfalls which the Supreme Court in *Jackson* denounced in the New York procedure. I find nothing in the record to indicate that the trial court here made the requisite determination regarding voluntariness of a confession as required by the Massachusetts procedure to which the majority gives only lip service.

The recent holding of the United States Supreme Court in Pinto v. Pierce, 389 U.S. 31, 88 S.Ct. 192, 19 L.Ed.2d 31 (1967), relied upon by the majority modifies Jackson v. Denno only in that it does not require the hearing as to voluntariness be held outside of the presence of the jury. It in no way diminishes or detracts from the trial court's duty to require an adequate hearing as to voluntariness and particularly to make a determination as to whether the statement is voluntary or involuntary before admitting or excluding it from the jury's consideration. I find no justification for concluding as the majority does that a finding by the trial court on the issue of voluntariness is "implicit" in the court's offer to the prosecution together with subsequent submission of the issue to the jury with instructions. To my mind this state of facts is equally consistent with the trial court making no independent determination of voluntariness but merely submitting the issue to the jury.

Finally, the majority states that the opinion in *Jackson* makes it implicit that

an objection must be made. They quote the following statement from the *Jackson* opinion in support of their assertion. "A defendant objecting to the admission of a confession is entitled to a fair hearing in which both the underlying factual issues and the voluntariness of his confession are actually and reliably determined."

The majority here apparently interpret the word "objecting" as a term of art which requires interposition of a formal objection to preserve error for review. The intent of the Supreme Court in their use of the term "objecting" should be derived from the opinion as a whole and not merely from an isolated statement taken out of context. Taken in that spirit the court's statement could be appropriately paraphrased "a defendant *protesting* the admission of a confession, etc. * * *"

In any case the *Jackson* opinion places no limitation as to when a defendant can object. The "objection" in *Jackson* was raised by way of habeas corpus after his conviction had been affirmed on appeal.

I accordingly respectfully dissent and would accord the defendant a *Jackson-Denno* hearing.