521 P.2d 1039

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Norman DARDEN, Defendant-Appellant.**

**No. 1220.**

Court of Appeals of New Mexico.

April 10, 1974.

Dale B. Dilts, Albuquerque, for defendant-appellant.

David L. Norvell, Atty. Gen., Lee Griffin, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

HERNANDEZ, Judge.

Defendant was convicted of robbery while armed with a deadly weapon in violation of Section 40A–16–2, N.M.S.A.1953 (2d Repl., Vol. 6). He asserts two points for reversal: (1) that the trial court erred in admitting into evidence copies of an advice of rights form and a confession without proper foundation and because they were not the best evidence; (2) that the trial court erred in refusing to strike an unresponsive answer which was based on hearsay.

We affirm.

The defendant gave a statement to the police. The officer who took the statement was asked if defendant had been advised of his constitutional rights. He stated that he had and that defendant had initialed the form which was read to him. The State offered a copy of the statement into evidence to which the defendant objected on the grounds it violated the best evidence rule. We disagree.

Section 71–4–7, N.M.S.A.1953 (Vol. 10, pt. 2) states:

"Any public officer of the state may cause any or all records, papers or documents kept by him to be photographed, microfilmed, microphotographed or reproduced on film. Such photographic film and the device used to reproduce such records on such film shall be one which accurately reproduces the original thereof in all details."

Section 71–4–8, N.M.S.A.1953 (Vol. 10, pt. 2) states:

"Such photographs, microfilms, photographic film or microphotographs shall be deemed to be an original record for

all purposes, including introduction in evidence in all courts, or administrative agencies. A transcript, exemplification or certified copy thereof shall, for all purposes recited herein, be deemed to be a transcript, exemplification, or certified copy of the original."

Defendant's second point arises out of the following questions and answers of one of the State's witnesses who operated a business next door to the establishment where the robbery took place:

"Q. And did you have occasion on the 7th of November, 1972, around 9:00 in the morning, to leave your store?

"A. I went to the bank a little after 9:00.

"Q. And did you see an automobile with two negro males in it in the vicinity?

"A. Yes, I did.

 \*     \*     \*     \*     \*     \*

"Q. Okay. And did you then go to the bank?

"A. I went to the bank and when I came back the robbery was over."

The defendant moved that the answer be stricken because it was unresponsive and it was hearsay and a conclusion of the witness. Assuming but not deciding that that answer was objectionable for the reasons stated we deem it to be harmless error. As was stated in State v. Edmondson, 26 N.M. 14, 188 P. 1099 (1920), "It is fundamental, of course, that a party cannot complain of errors committed by the trial court which under no view of the case could be prejudicial to such party." In light of the defendant's signed confession this answer could not, in our opinion, have resulted in prejudice to him.

It is so ordered.

HENDLEY and LOPEZ, JJ., concur.